# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OUSSAMA ATTIGUI, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>TAHOE RESOURCES, INC., *et al.*,<br><br>Defendants. | Case No. 2:17-cv-01868-RFB-NJK<br><br>**ORDER** |

This matter is before the Court on several Motions for Appointment as Lead Plaintiff and Lead Counsel. (ECF Nos. 6, 7, 8, 10).[1] On July 7, 2017, Plaintiff Oussama Attigui ("Attigui") filed a class action Complaint with Jury Demand against Defendants, alleging (1) violations of Section 10(b) of the Securities Exchange Act and Securities Exchange Commission Rule 10b-5, against all Defendants; and (2) violations of Section 20(a) of the Securities Exchange Act, against Individual Defendants. (ECF No. 1). The instant Motions were filed on September 5, 2017. The other Movants filed Non-Oppositions to Kevin Nguyen ("Nguyen")'s Motion [10] on September 19, 2017. (ECF Nos. 19, 20).

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). Determining the lead plaintiff in a securities class action is a two-step

---

[1] An additional Motion for Appointment as Lead Plaintiff and Lead Counsel was filed by Movant Frederick Berliner (ECF No. 9) and subsequently withdrawn (ECF No. 18).

process. First, the Court is to presume that the most adequate plaintiff: (1) either filed the Complaint or timely filed a motion for appointment of lead plaintiff in response to notice; (2) has the greatest financial interest in relief; and (3) otherwise fulfills the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The second step is rebuttal – the first step presumption is only rebutted by a class member showing that the presumptively most adequate plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

The Court finds that Nguyen is the presumptively most adequate plaintiff. In his Motion, he contends that he lost $1,822,156.30 as a result of Defendants' alleged securities violations. He further argues that his claims are typical of the class because he suffered losses on his investment in Tahoe Resources as a result of the allegedly false and misleading statements described in the Complaint, and that he will adequately protect the interests of the class given his significant stake in the litigation and his conduct to date in prosecuting the litigation. Given the Non-Oppositions filed by Movants, and Nguyen's stated losses which appear to be greater than those suffered by the other Movants, there is no dispute that Nguyen satisfies the statutory requirements of the PSLRA. The Court finds that Nguyen's claims are typical of the class, and that Nguyen would fairly and adequately protect the interests of the class. As no class member has offered evidence rebutting Nguyen's arguments, the Court finds that the two-step inquiry is satisfied. 15 U.S.C. § 78u–4(a)(3)(B)(i); see also Herrgott v. United States Dist. Court for the N. Dist. of Cal. (In re Cavanaugh), 306 F.3d 726, 729 (9th Cir. 2002) ("The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." Nguyen is therefore appointed Lead Plaintiff.

The most adequate plaintiff is entitled to her choice of counsel, with approval from the Court. 15 U.S.C. § 78u–4(a)(3)(B)(v). The Court must be deferential in its review of the proposed counsel, and should approve the choice unless it is unreasonable. In re Cohen v. United States Dist. Court for the N. Dist. of Cal. (In re Cohen), 586 F.3d 703, 711-12 (9th Cir. 2009) ("Consistent with congressional intent in enacting the PSLRA to vest authority for selecting class counsel in

the lead plaintiff and our reasoning in Cavanaugh, the district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently. . . . Rather, . . . we hold that if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." The Court has also considered the materials attached regarding the qualifications of proposed counsel and finds that Plaintiff's selection of Faruqi & Faruqi LLP, as Lead Counsel, and Muckleroy Lunt, LLC, as Liaison Counsel, is reasonable. The Court is satisfied that counsel has sufficient experience in securities class action litigation. Therefore, Faruqi & Faruqi LLP is appointed Lead Counsel and Muckleroy Lunt LLP is appointed Liaison Counsel.

Accordingly,

**IT IS ORDERED** that Movant Kevin Nguyen's Motion for Appointment of Counsel and for Appointment of Lead Plaintiff (ECF No. 10) is GRANTED. The competing Motions (ECF Nos. 6, 7, 8) are DENIED.

DATED: July 13, 2018

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**