Martin A. Muckleroy
State Bar #9634
**MUCKLEROY LUNT, LLC**
6077 S. Fort Apache Rd., Ste 140
Las Vegas, NV 89148
Telephone: 702-907-0097
Facsimile: 702-938-4065
Email: martin@muckleroylunt.com

Richard W. Gonnello (*pro hac vice*)
Megan M. Sullivan (*pro hac vice*)
Sherief Morsy (*pro hac vice*)
Email: rgonnello@faruqilaw.com
        msullivan@faruqilaw.com
        smorsy@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Lead Plaintiff Kevin Nguyen*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re TAHOE RESOURCES, INC. SECURITIES LITIGATION | Case No. 2:17-cv-01868-RFB-NJK |
| | **REPLY MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE THE EXTRINSIC EVIDENCE AND RELATED ARGUMENTS SUBMITTED WITH DEFENDANTS' MOTION TO DISMISS** |
| This Document Relates to:   All Actions | |

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................... 1

LEGAL STANDARDS ............................................................................................................. 1

ARGUMENT ............................................................................................................................ 4

I.  DEFENDANTS FAILED TO PROPERLY REQUEST CONSIDERATION OF THEIR EXTRINSIC EVIDENCE ............................................................................................... 4

II. DEFENDANTS FAILED TO PROVIDE THE COURT WITH A PROPER BASIS TO CONSIDER THEIR EVIDENCE THROUGH JUDICIAL NOTICE ............................... 5

    A.  Tahoe's Annual Reports ................................................................................. 6

    B.  Tahoe's Press Releases .................................................................................. 6

III. DEFENDANTS FAILED TO PROVIDE THE COURT WITH A PROPER BASIS TO DEEM THEIR EXTRINSIC EVIDENCE AS BEING INCORPORATED BY REFERENCE ................................................................................................................ 7

IV. DEFENDANTS FAILED TO PROVIDE THE COURT WITH A PROPER BASIS TO CONSIDER THEIR INADMISSIBLE ATTORNEY HEARSAY ................................. 9

V.  PLAINTIFF'S MOTION IS PROPERLY FILED ...................................................... 9

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                                       **Page(s)**

*Abely v. Aeterna Zentaris Inc.*,
  No. 12 CIV. 4711 PKC, 2013 WL 2399869 (S.D.N.Y. May 29, 2013) ................................................ 9

*Abraham v. Town of Huntington*,
  2018 WL 2304779 (E.D.N.Y. May 21, 2018) .............................................................................. 10

*Alvarez v. County of Orange*,
  95 F. Supp. 3d 385 (S.D.N.Y. 2015) .......................................................................................... 2

*Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.*,
  448 F.3d 138 (2d Cir. 2006) ...................................................................................................... 9

*City of Syracuse v. Onondaga Cty.*,
  464 F.3d 297 (2d Cir. 2006) ...................................................................................................... 4

*Corbin v. GoDaddy.com, Inc.*,
  2011 WL 814752 (D. Ariz. Mar. 2, 2011) ................................................................................ 9

*Coto Settlement v. Eisenberg*,
  593 F.3d 1031 (9th Cir. 2010) ................................................................................................... 3

*Diversified Capital Invs., Inc. v. Sprint Communs., Inc.*,
  2016 WL 2988864 (N.D. Cal. May 24, 2016) ........................................................................... 3

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*,
  637 F.3d 435 (4th Cir. 2011) ..................................................................................................... 9

*Ecological Rights Found. v. Pac. Gas & Elec. Co.*,
  713 F.3d 502 (9th Cir. 2013) ................................................................................................. 3, 8

*In re ECOtality, Inc. Sec. Litig.*,
  2014 WL 4634280 (N.D. Cal. Sept. 16, 2014) ............................................................... 3, 4, 6, 8

*Elliot v. China Green Agricultures, Inc.*,
  2012 WL 5398863 (D. Nev. Nov. 2, 2012) .............................................................................. 10

*F.T.C. v. Amazon.com, Inc.*,
  71 F. Supp. 3d 1158 (W.D. Wash. 2014) ................................................................................... 8

*Gammel v. Hewlett- Packard Co.*,
  905 F. Supp. 2d 1052 (C.D. Cal. 2012) ................................................................................. 8, 9

*Gompper v. VISX, Inc.*,
  298 F.3d 893 (9th Cir. 2002) ..................................................................................................... 9

*Hilao v. Estate of Marcos*,
103 F.3d 767 (9th Cir. 1996) ................................................................................................ 4

*Jocks v. Wal-Mart Stores, Inc.*,
2010 WL 11549660 (C.D. Cal. July 13, 2010) ................................................................... 9

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ....................................................................................... *passim*

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir.2005) ............................................................................................... 8

*Knop v. Johnson*,
667 F. Supp. 467 (W.D. Mich. 1987) ................................................................................... 2

*Lynn v. McCormick*,
2017 WL 6507112 (S.D.N.Y. Dec. 18, 2017) ..................................................................... 3

*In re MF Global Holdings Ltd. Inv. Litig.*,
2014 WL 8184606 (S.D.N.Y. Mar. 11, 2014) ..................................................................... 4

*In re MGM Mirage Sec. Litig.*,
2013 WL 5435832 (D. Nev. Sept. 26, 2013) ................................................................. 9, 10

*In re New Century*,
588 F. Supp. 2d 1206 (C.D. Cal. 2008) ............................................................................... 6

*Patel v. Parnes*,
253 F.R.D. 531 (C.D. Cal. 2008) ......................................................................................... 7

*Plevy v. Haggerty*,
38 F. Supp. 2d 816 (C.D. Cal. 1998) ................................................................................... 6

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
627 F.3d 402 (9th Cir. 2010) ............................................................................................. 10

*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
971 F.2d 244 (9th Cir. 1992) ............................................................................................... 7

*Cal. ex rel. RoNo, L.L.C. v. Altus Fin. S.A.*,
344 F.3d 920 (9th Cir. 2003) ............................................................................................... 7

*Estate of Saunders v. Comm'r*,
745 F.3d 953 (9th Cir. 2014) ............................................................................................... 4

*Smith v. Marsh*,
194 F.3d 1045 (9th Cir. 1999) ............................................................................................. 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ........................................................................................................ 1, 4

*In re Tracht Gut, LLC*,
    836 F.3d 1146 (9th Cir. 2016) ............................................................................................ 8

*U.S. v. Byrnes*,
    644 F.2d 107 (2d Cir. 1981) ............................................................................................... 2

*United States v. Alameda Gateway Ltd.*,
    213 F.3d 1161 (9th Cir. 2000) ........................................................................................... 4

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ............................................................................................. 1

*Wooden v. Missouri Pacific R.R. Co.*,
    862 F.2d 560 (5th Cir. 1989) ...................................................................................... 2, 3, 8

*Zak v. Chelsea Therapeutics Int'l Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ............................................................................................. 3

**Other Authorities**

21B Charles Alan Wright & Kenneth W. Graham, Jr.,
    *Federal Practice and Procedure* §5104 (2d ed. 2005) ................................................. 2, 7

Fed. R. Civ. P. 12(b), 12(d), 56(d) ........................................................................................... 1

FRE 201 ......................................................................................................................... 2, 5, 6, 7

FRE 201(a) Advisory Committee's Note ................................................................................... 2

FRE 801 ...................................................................................................................................... 2

Rule 12(d) ................................................................................................................................. 10

Lead Plaintiff Kevin Nguyen ("Plaintiff")[1] respectfully submits this reply memorandum of law in further support of his motion to strike ("Motion to Strike" of "MTS") (ECF No. 68).

### INTRODUCTION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") did ***not*** change the maxim that the plaintiff is the master of his or her complaint. Congress enacted the PSLRA to achieve the "twin goals" of curbing frivolous litigation "while preserving investors' ability to recover on meritorious claims." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). To that end, Congress enacted certain procedural changes that Congress determined struck an appropriate balance between these two sometimes conflicting policy goals. As is clear from the text of the statute, Congress did ***nothing*** to change the pre-existing rules governing judicial notice under Fed. R. Evid. ("FRE") 201 or the incorporation by reference doctrine under Rule 12(b)(6). Indeed, Defendants have not cited a single provision in the PSLRA to the contrary. Accordingly, when ruling on a motion to dismiss a securities class action, courts are precluded from considering materials outside of the pleading unless one of the two traditional exceptions applies for facts that are properly the subject of judicial notice under FRE 201 or documents that are properly deemed incorporated by reference ("IBR") under Rule 12(b)(6).

Notwithstanding these limitations, when Defendants moved to dismiss the AC, they submitted extrinsic evidence that was neither properly the subject of judicial notice nor incorporated by reference into the AC. The Court is therefore precluded from considering these materials without first converting Defendants' motion to dismiss ("MTD") into one for summary judgment and thereafter permitting Plaintiff appropriate discovery, as required by Federal Rules of Civil Procedure 12(d) and 56(d). *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); Fed. R. Civ. P. 12(b), 12(d), 56(d).

### LEGAL STANDARDS

As Defendants misconstrue the applicable legal standards for when a court may consider

---

[1]    Unless stated otherwise, Plaintiff uses the following conventions herein: (1) capitalized terms mean the same as they do in Plaintiff's Consolidated Amended Class Action Complaint ("AC"), ECF No. 59, and its Table of Defined Terms and Abbreviations, AC at iv-vi; (2) all "¶__" references are to the AC; (3) all "Exhibit" or "Ex." References are to the exhibits attached to Defendants' Motion To Dismiss Consolidated Amended Class Action Complaint ("Motion To Dismiss" or "MTD"), ECF No. 65; (4) all emphases are added to quotations; and (5) all internal citations and quotations are omitted.

1

extrinsic evidence, Plaintiff highlights a few key principles below.

First, judicial notice is about *facts*—not documents.  *See* FRE 201.  To determine whether a particular fact is properly the subject of judicial notice, the Court must first initially identify the precise fact it is being asked to decide in the jury's stead and then decide whether that fact is an *adjudicative fact*.  *See* 21B Charles Alan Wright & Kenneth W. Graham, Jr., Fed. Practice & Procedure: Evidence §5107.1 (2d ed. Supp. 2018).[2]  It is critical that the Court identify precisely which fact it is being asked to decide because parties often obfuscate whether they are proffering extrinsic evidence for an inadmissible hearsay purpose.  Similarly, parties often obfuscate the precise fact the court is being asked to decide to hide its irrelevance.  Adjudicative facts are "the facts of the particular case," FRE 201(a) Advisory Committee's Note, and therefore *must be relevant*, *see* Wright & Graham §5104; *U.S. v. Byrnes*, 644 F.2d 107, 112 (2d Cir. 1981) (court properly refused to take judicial notice of irrelevant regulations).

Once the court determines that a fact is an adjudicative fact, the court must thereafter determine whether "the fact" meets either of FRE 201's tests for indisputability: (1) the fact is generally known within the trial court's territorial jurisdiction ("Generally Known"); or (2) the fact can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned ("Readily Determinable").  FRE 201(b); *Alvarez v. County of Orange*, 95 F. Supp. 3d 385, 398 (S.D.N.Y. 2015).  A fact being derived from an out-of-court statement being offered for the truth of the matter asserted therein (*i.e.*, hearsay), *see* FRE 801, is *not* Readily Determinable.  *See* Wright & Graham §5106.4 ("[A] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence.").  For that matter, even if the adjudicative fact meets FRE 201's tests for judicial notice, it is nonetheless still subject to the other rules of evidence.  *See Knop v. Johnson*, 667 F. Supp. 467, 485 (W.D. Mich. 1987) ("[J]udicial notice is an alternative means of proof that is subject, like all other offers of evidence, to rules 403 and 611(a).").  Thus, a Court may not take judicial notice of a fact when its probative value is substantially outweighed by its ability to confuse the issues or cause unfair prejudice under FRE 403.  *See Wooden v. Missouri Pacific R.R. Co.*, 862 F.2d 560, 563 (5th

---

[2]    21B Charles Alan Wright & Kenneth W. Graham, Jr., Fed. Practice & Procedure: Evidence (2d ed. Supp. 2018) is hereinafter referred to as "Wright & Graham."

2

Cir. 1989) (proper to refuse to notice facts that would confuse the jury).

Second, only *documents*—not information—can be deemed IBR absent an express allegation of incorporation into the complaint. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("[I]ncorporation-by-reference is a judicially created doctrine that treats certain *documents* as though they are part of the complaint itself.").

Third, not every document cited in a complaint is properly deemed IBR. For a document to be considered incorporated into the complaint, it must be *central* to the plaintiff's claims, *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013), as "[t]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).[3] Moreover, the incorporation by reference doctrine is not a license for Defendants to poison the well with self-serving inadmissible hearsay on a Rule 12(b)(6) motion to dismiss. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Orexigen*, 899 F.3d at 1003; *see also Diversified Capital Invs., Inc. v. Sprint Communs., Inc.*, 2016 WL 2988864, at *4 (N.D. Cal. May 24, 2016). Indeed, "were the Court to assume the truth of all documents incorporated by reference, that would mean assuming the truth of all of Defendants' allegedly false or misleading statements. That cannot be the intended result of the cases Defendants cite, or it would be impossible ever to successfully plead a fraud claim." *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014).

Fourth, a court that deems a document IBR or takes judicial notice of a particular fact must still do so within the confines of Rule 12(b)(6), *see* 2-12 James Wm. Moore, *et al.*, Moore's Federal Practice 12.34[2] (2015), meaning that all factual allegations must be deemed true and all reasonable inferences must be drawn in the plaintiff's favor, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

---

[3]    *See Lynn v. McCormick*, 2017 WL 6507112, at *3 (S.D.N.Y. Dec. 18, 2017) (the complaint must make "a clear, definite and substantial reference to the documents . . . [m]erely mentioning a document in the complaint will not satisfy this standard; indeed, even offering *limited quotation[s]* from the document *is not enough*.").

Fifth, under *Tellabs*, 551 U.S. at 322, courts evaluating the complaint's sufficiency may not consider extrinsic facts ***simply because defendants believe they are relevant***; courts are constrained to examine "the complaint in its entirety, as well as other sources courts ***ordinarily*** examine when ruling on a 12(b)(6) motion[.]"  In no way though did *Tellabs* change the existing standard concerning which extrinsic materials courts may consider.  *ECOtality*, 2014 WL 4634280, at \*4 ("*Tellabs* does not grant defendants an opportunity to provide competing ***evidence*** at the pleadings stage.  That case held only that courts must consider "competing inferences rationally drawn ***from the facts alleged***.").

**ARGUMENT**

## I.  DEFENDANTS FAILED TO PROPERLY REQUEST CONSIDERATION OF THEIR EXTRINSIC EVIDENCE

In their MTD, Defendants failed to make any meaningful argument supporting their judicial notice request, including only a cursory footnote.  *See* ECF No. 65 at 4 n.2; MTS at 6.  Defendants' footnote "request" is inherently deficient as Defendants never identify the specific adjudicative facts they are asking the Court to adjudicate via judicial notice.  *See, e.g., Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 (9th Cir. 2014) ("Arguments raised only in footnotes, or only on reply, are generally deemed waived."); *United States v. Alameda Gateway Ltd.*, 213 F.3d 1161 (9th Cir. 2000) (issue was waived where [party] presented argument in a "lone footnote" and failed to cite any authority in support."); *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 (9th Cir. 1996) ("The summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal.").[4]  For that matter, Defendants' apparent position that the Court can take judicial notice of the entire contents of any public document, such as an SEC filing, is decidedly incorrect, as it is impossible that every single sentence in every single public document, or even the ones at issue here, are relevant to the issues in Defendants' MTD.  *Orexigen*, 899 F.3d at 1000 n.5 (Explaining that because "[a]n irrelevant fact could hardly be an adjudicative fact" the irrelevant fact is not judicially noticeable).

---

[4]   *Accord City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir. 2006) (noting that issues insufficiently argued in briefs are generally considered waived, and finding that an argument raised in a footnote was deemed to have been waived); *In re MF Global Holdings Ltd. Inv. Litig.*, 2014 WL 8184606, at \*2 (S.D.N.Y. Mar. 11, 2014) ("It is generally inappropriate to make substantive arguments in footnotes.").

4

Defendants' belated argument that their Exhibits are incorporated by reference into Plaintiff's complaint similarly fails because Defendants never argued this point in their MTD. Although Defendants stated on page 4 in footnote 2 of their MTD that "[t]he Exhibits are certain of Tahoe's public filings with the Securities and Exchange Commission that are referenced in the Complaint[,]" this statement is not a legal argument. It is merely a representation of fact—and an untrue one at that. In fact, two of Defendants' six Exhibits (E and F) were not cited *anywhere* in Plaintiff's AC, thus belying the notion that Defendants initially argued that the Exhibits were incorporated by reference. As for the remainder of the Exhibits, Defendants' never cited in their MTD where in the AC Plaintiff cited these documents. New and undeveloped arguments of this nature are rightly and routinely deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]rguments not raised by a party in its opening brief are deemed waived.").

Recognizing these fatal defects, Defendants attempt to raise a brief's worth of new arguments which were never made with their MTD. As a result, Defendants have waived any argument that the Exhibits (or portions thereof) are judicially noticeable or IBR.

## II.   DEFENDANTS FAILED TO PROVIDE THE COURT WITH A PROPER BASIS TO CONSIDER THEIR EVIDENCE THROUGH JUDICIAL NOTICE

Defendants assert that their Exhibits (Exs. A, B, C, D, E, F) are subject to judicial notice because they are "not subject to reasonable dispute." Opp. at 5. As explained above, Defendants' gloss is not the test for judicial notice under FRE 201. Judicial notice is about facts—not documents. "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Orexigen*, 899 F.3d at 999. Even assuming, *arguendo*, that a document is "susceptible to judicial notice," Defendants must still identify the adjudicative facts they want the Court to notice, specify how the facts are specifically relevant, and establish that the facts are properly subject to judicial notice because they are Generally Known or Readily Determinable. *See id.* at 999; FRE 201(b)-(c); MTS at 6. Defendants do not argue that any of the facts they seek judicial notice of are Generally Known. Therefore, Defendants must show that *each and every* extrinsic statement in each and every Exhibit submitted is an *adjudicative* fact that is Readily Determinable. To be clear, it is *Defendants'* burden to persuade the Court why the evidence

5

*Defendants* introduced is properly before the Court for the specific purpose that *Defendants* proffer it. *See* FRE 201(c) (requesting party must supply the court with the necessary information).  As Defendants have failed to meet their burden with respect to *any* of their extrinsic evidence, their judicial notice requests must fail.

### A.      Tahoe's Annual Reports

Defendants cite four of Tahoe's annual reports filed on Form 40-F with the SEC (Exs. A, B, C, D) ("Annual Reports") to argue that Tahoe's public filings disclosed the risks that Plaintiff alleges were unknown prior to Defendants' announcement of the Guatemalan Supreme Court decision on July 5, 2017.  MTD at 10-11.  The Annual Reports are irrelevant, however, because none of the risk factors cited by the Defendants from these documents disclosed the facts that Plaintiff alleges were misrepresented or omitted.  *Compare* Exhibits A-D *with* ¶¶ 150-186.  Accordingly, the contents of Tahoe's Annual Reports are not subject to judicial notice because the risk factors are irrelevant to Plaintiffs' claim and therefore not adjudicative facts for the purposes of FRE 201.  *See Orexigen,* 899 F.3d 988, 1000 n.5 (9th Cir. 2018) ("An irrelevant fact could hardly be an adjudicative fact . . .") (citing 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* §5104, at 156 (2d ed. 2005); *ECOtality*, 2014 WL 4634280, at \*4 ("*Tellabs* does not grant defendants an opportunity to provide competing *evidence* at the pleadings stage.  That case held only that courts must consider "competing inferences rationally drawn *from the facts alleged*.").  Defendants' conclusory efforts to argue the contrary, Opp. at 6-7, fail to satisfy Defendants' burden; and Defendants' judicial notice request should therefore be denied.[5]

Additionally, Defendants ignored Plaintiff's arguments that Exhibits A & B do not stand for the propositions for which they were offered, *see* MTS at 7, and thus Defendants' concede Plaintiff's point.

### B.      Tahoe's Press Releases

Defendants claim to offer two Company press releases (Exs. E & F) ("Press Releases") for "context as to an ongoing and evolving lawsuit that was not complete when the Complaint was filed –

---

[5]      Defendants' citations to *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) and *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) because the failure of the document's proponent to demonstrate that the documents' contents were adjudicative facts was not at issue.

not to dispute facts alleged in the Complaint." (Opp. at 7).  Even if this were true, these Press Releases are not judicially noticeable because their proffered "facts" are not Generally Known within this District under FRE 201(b) and are not Readily Determinable because they are not from sources whose accuracy cannot reasonably be questioned.  FRE 201(b); MTS at 8.  These Press Releases are Defendants' *summarized interpretations* of the court's rulings—in other words inadmissible hearsay.  Therefore, they are not Generally Known (only Defendants' know their own interpretations), can reasonably be questioned (interpretations are fallible), and are in any event inadmissible.  Thus, Defendants have failed to meet their burden to show that the Press Releases are properly the subject of judicial notice.

Defendants' argument that "Plaintiff does not contend the press releases inaccurately reported what the Constitutional Court ruled" (Opp. at 7) is an improper attempt to foist Defendants' burden onto Plaintiff.[6]  It is not Plaintiff's burden to demonstrate that Defendants' extrinsic statements are false.  Rather, Defendants are required to demonstrate that their proposed extrinsic facts are Readily Determinable and admissible.  *Cf. Cal. ex rel. RoNo, L.L.C. v. Altus Fin. S.A.*, 344 F.3d 920, 931 n.8 (9th Cir. 2003) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion.") (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)); Wright & Graham § 5106.4 ("[A] court cannot take judicial notice of a fact that would be inadmissible if it were offered as evidence.").

Therefore, the Press Releases cannot be considered under Rule 201 to establish the hearsay facts that they appear to be proffered to establish.

**III.   DEFENDANTS FAILED TO PROVIDE THE COURT WITH A PROPER BASIS TO DEEM THEIR EXTRINSIC EVIDENCE AS BEING INCORPORATED BY REFERENCE**

Defendants now argue that the Annual Reports (Exs. A, B, C, D) are incorporated by reference into Plaintiff's AC.  Defendants baldly claim that these reports "are the foundation of Plaintiff's claims and are extensively cited, quoted and discussed in the Complaint" and includes a table with citations to the

---

[6]     As such, Defendants' citations to *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) and *Patel v. Parnes*, 253 F.R.D. 531, 547 (C.D. Cal. 2008) are not on point.

AC that does not describe how these documents were employed.  Opp. at 4.  This new argument fails because it does not explain why these documents, which were cited by Plaintiff for narrow purposes, were *central* to the Plaintiff's claims or how they formed the *basis* of the AC.  *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013); *Orexigen*, 899 F.3d at 1002.  The court in *F.T.C. v. Amazon.com, Inc.* provides some helpful examples regarding which kinds of documents are deemed IBR, explaining that an insurance coverage plan "forms the basis" of a complaint based on a claim for insurance coverage and a newspaper article containing an allegedly defamatory statement "forms the basis" of the corresponding defamation complaint.  71 F. Supp. 3d 1158, 1161 (W.D. Wash. 2014) (citing *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir.1998) (insurance); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005) (citing *Horsley v. Feldt,* 304 F.3d 1125, 1135 (11th Cir.2002)) (newspaper)).  Here, the Annual Reports, which contain hundreds of pages of irrelevant information in addition to the few select statements cited by Plaintiff, do not form the basis of the AC in the same manner.  *See* MTS at 8 n.5.  Defendants fail to meet their burden by explaining precisely how all or any of the statements in the Annual Reports are central to Plaintiff's claims, and therefore Defendants' request that the Court should deem these documents as being incorporated by reference should be denied.

Furthermore, none of the Annual Reports are appropriately considered IBR to the extent they are offered for a hearsay purpose, to dispute the facts, or to confuse the issues and prejudice Plaintiff. *See generally* MTS.  As such, these Exhibits are not appropriately considered because Defendants offer them purely to dispute Plaintiff's well-pled falsity allegations and to confuse the issues, which is respectively improper under Rule 12(b)(6) and FRE 403.  *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) (concerning Rule 12(b)(6)); *Wooden v. Missouri Pacific R.R. Co*., 862 F.2d 560, 563 (5th Cir. 1989) (concerning FRE 403).  Even if the Court considers these Annual Reports IBR for the purpose of determining what the risk disclosures therein stated, it would be inappropriate to consider them to prove the truth of their contents or the disputed proposition that Tahoe properly disclosed the risks associated with the Escobal Project.  *See* MTS at 15; *ECOtality*, 2014 WL 4634280, at *3 n.2 (declining to assume truth of content of documents); *Gammel v. Hewlett- Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) (incorporating documents by reference, but declining to

8

"consider the[] documents for the truth of the matters they assert").

## IV.    DEFENDANTS FAILED TO PROVIDE THE COURT WITH A PROPER BASIS TO CONSIDER THEIR INADMISSIBLE ATTORNEY HEARSAY

Defendants' attorneys wove numerous unsworn ***representations of fact*** throughout Defendants' MTD which were unsupported by matters properly before the Court and thus should be stricken. *Orexigen*, 899 F.3d at 998 ("Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.") (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).[7]  Although Defendants attempt to characterize the unsworn attorney testimony identified in the MTS as "argument" (Opp. at 9), the statements identified are necessarily attorney testimony because the statements include factual representations without any or accurate citations to the AC or other evidence that is properly before the Court through judicial notice or otherwise.[8]  *See* MTS at 8-13.  As the unsworn attorney testimony is thinly-veiled inadmissible hearsay, these statements and the arguments they support are not properly before the Court and must be stricken.  *Id.*

## V.    PLAINTIFF'S MOTION IS PROPERLY FILED

Plaintiff's MTS is properly filed.  Courts have relied on a multitude of legal authority, including Rule 12(d), Rule 12(f), and FRE 201, as well as the court's inherent authority to strike materials in conjunction with motions to dismiss. *See, e.g.*, *Corbin v. GoDaddy.com, Inc.*, 2011 WL 814752, at *1 (D. Ariz. Mar. 2, 2011) (invoking Rule 12(d)); *Jocks v. Wal-Mart Stores, Inc.*, 2010 WL 11549660, at *3 (C.D. Cal. July 13, 2010) (invoking Rule 12(f)); *Elliot v. China Green Agricultures, Inc.*, 2012 WL 5398863, at *2 (D. Nev. Nov. 2, 2012) (invoking Rule 12(f)); *In re MGM Mirage Sec.*

---

[7]    *Accord Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc.*, 448 F.3d 138, 155 (2d Cir. 2006) ("[A]rguments based on the moving parties' assertions of fact are inapt on a motion to dismiss."); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 449 (4th Cir. 2011) ("[S]tatements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion.").
[8]    Defendants' citation to *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002) is not analogous because it did not involve a motion to strike.  Similarly, Defendants' citation to *Abely v. Aeterna Zentaris Inc.*, No. 12 CIV. 4711 PKC, 2013 WL 2399869, at *22 (S.D.N.Y. May 29, 2013) is not analogous because Plaintiff is not disputing the "proper interpretation" of the Defendants' argument, but instead stating that the Defendants "repeatedly make factual representations that provide bogus citations to the AC and are thus unsupported."  *See* MTS at 9.

*Litig.*, 2013 WL 5435832, at *3 (D. Nev. Sept. 26, 2013) (invoking FRE 201); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("[I]t is well established that district courts have inherent power to control their docket . . . This includes the power to strike items from the docket."); *Abraham v. Town of Huntington*, 2018 WL 2304779, at *3 (E.D.N.Y. May 21, 2018) (partially granting motion to strike filed under Rules 12(d)-(f) and stating "[f]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings offered in conjunction with a Rule 12(b)(6) motion[]").

Furthermore, the Plaintiff's Motion to Strike is timely because the time limitation found in Rule 12(f)(2) does not apply to the other sources of the Court's authority to strike mentioned above. In fact, Rule 12(d) precludes courts from considering extrinsic evidence, even if a motion to strike is not filed, unless it treats the motion to dismiss as a motion for summary judgment. *See* Rule 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion ***must*** be treated as one for summary judgment under Rule 56."). Regardless, the MTS is timely under the briefing schedule approved by this Court on July 17, 2018 (ECF 57 at 4).

### CONCLUSION

Plaintiff respectfully requests that the Court grant his MTS in its entirety. If the Court considers the extrinsic information, however, it must convert Defendants' MTD to a motion for summary judgment and permit Plaintiff to conduct adequate discovery. Rules 12(d), 56(d).

Dated: January 22, 2019

By: */s/ Richard W. Gonnello*
Richard W. Gonnello

Martin A. Muckleroy
State Bar #9634
**MUCKLEROY LUNT, LLC**
6077 S. Fort Apache Rd., Ste 140
Las Vegas, NV 89148
Telephone: 702-907-0097
Facsimile: 702-938-4065
Email: martin@muckleroylunt.com

Richard W. Gonnello (*pro hac vice*)
Email: rgonnello@faruqilaw.com
Megan M. Sullivan (*pro hac vice*)
Email: msullivan@faruqilaw.com
Sherief Morsy (*pro hac vice*)

10

Email: smorsy@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Lead Plaintiff Kevin Nguyen*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

By: */s/ Richard W. Gonnello*
Richard W. Gonnello