Martin A. Muckleroy
Email: martin@muckleroylunt.com
State Bar #9634
**MUCKLEROY LUNT, LLC**
6077 S. Fort Apache Rd., Ste 140
Las Vegas, NV 89148
Telephone: 702-907-0097
Facsimile: 702-938-4065

James M. Wilson, Esq. (*pro hac vice*)
Email: jwilson@faruqilaw.com
Robert W. Killorin, Esq. (*pro hac vice*)
Email: rkillorin@faruqilaw.com
Daniel Weiss, Esq. (*pro hac vice*)
Email: dweiss@faruqilaw.com
Thomas Papain, Esq. (*pro hac vice*)
Email: tpapain@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Lead Plaintiff Kevin Nguyen*

Additional Counsel on Signature Page

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| In re TAHOE RESOURCES, INC. SECURITIES LITIGATION<br><br>This Document Relates to:  All Actions | Case No. 2:17-cv-01868-RFB-NJK<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DOMESTIC FACT DISCOVERY DEADLINE**<br><br>**(Fifth Request)** |
|---|---|

Pursuant to Local Rule IA 6-1 and Local Rule 26-3, Plaintiff Kevin Nguyen ("Plaintiff") and Defendants Tahoe Resources, Inc. ("Tahoe"), C. Kevin McArthur, Ronald W. Clayton, Mark T. Sadler, and Edie Hofmeister (collectively, "Defendants" and together, with Plaintiff, the

1

"Parties"), by and through their undersigned counsel, hereby stipulate, subject to Court approval, to extend the **Phase I domestic fact discovery deadline of November 1, 2021 to January 7, 2022 to address certain non-party discovery issued within the existing discovery deadline**, and in support hereof submit the following:

1. **The Requested Extension Does Not Impact Any Other Deadlines And Is Proposed To Provide The Parties Reasonable Time To Obtain Documents From Domestic Non-Party Witnesses That Have Been Subpoenaed By Plaintiff, To Address Potential Privilege Claims That May Be Asserted By Defendants And Potentially Subject To Challenge By Plaintiff, And To Allow Plaintiff To Take A Deposition Of A Representative Of A Non-Party**

The Parties seek, through this Joint Stipulation, to extend the completion date of domestic fact discovery (Phase 1 Discovery)[1] from November 1, 2021 to January 7, 2022.[2]  The basis for this request is as follows:

Plaintiff has served Fed. R. Civ. P. 45 subpoenas on two non-party entities which performed consulting work for Defendant Tahoe Resources Inc. ("Tahoe") with respect to the Escobal mine. The two non-party entities are Avanzar, LLC and Business for Social Responsibility ("BSR"). The Avanzar subpoena sought the production of documents only. The BSR subpoena sought the production of documents and a deposition from a representative regarding the work performed for Tahoe.

Plaintiff has discussed the production with Avanzar, BSR (which is represented by outside counsel) and Defendants. Defendants informed Plaintiff that they contend the production from Avanzar and BSR may contain privileged information which privileges they seek to assert, and have accordingly proposed a mechanism by which Defendants may review the production first and then produce these documents with Defendants' claimed privileges to Plaintiff.[3]

---

[1]   *See* Stipulated Discovery Plan. ECF. No. 86, as modified at ECF No. 111.
[2]   The Court approved the Parties' Joint Stipulation to Extend Fact Discovery (4th Request) to November 1, 2021 on September 8, 2021. ECF No. 156.
[3]   The Avanzar production was made to Plaintiff and Plaintiff served that production on Defendants. Upon learning that Defendants claim there is potential privileged information in the Avanzar production, Plaintiff has sequestered the production and has not reviewed the production pending a final agreement on the protocol for the review of claimed privileged information.

Defendants have agreed to complete the review of these productions and serve the documents on Plaintiff, with claimed privileged information redacted and with a privilege log, within 28 days.

Plaintiff does not oppose this approach *if* an extension of time is granted. Without an extension of time, under this approach Plaintiff would be unable to complete his review of these document productions, assert any challenges to redacted information, and conduct the deposition of the BSR witness by the current deadline for Phase I Discovery of November 1, 2021. The Parties therefore seek this extension of the Phase I Discovery deadline to provide Defendants a reasonable amount of time to review the Avanzar and BSR document productions, permit Plaintiff to conduct his review of the productions and assert his potential challenges to Defendants' privilege claims, and to conduct the deposition of the BSR deponent. The requested extension of approximately sixty (60) days would allow the Parties sufficient time to do this.

In addition, Plaintiff has served Fed. R. Civ. P. 45 subpoenas on two other non-party entities which opposed the Escobal mine. These two non-party entities are the Network in Solidarity with the People of Guatemala ("NISGUA"), and the Progressive Leadership Alliance of Nevada ("PLAN"). Both subpoenas seek the production of documents only. While neither subpoena seeks potentially privileged information, the Plaintiff reasonably believes that both parties may not be able to complete their responses to the subpoenas before the current Phase I Discovery deadline.

No extension is being sought by the Parties for Phase II foreign fact discovery, and if the requested extension is granted, this extension would not change the overall deadline for completing fact discovery by June 30, 2022. Moreover, other than the extension of the filing of the remaining briefing regarding Plaintiff's Motion for Class Certification (ECF No. 153), the remaining schedule and deadlines will remain the same.[4]

---

[4] The Parties note that foreign travel, including specifically travel to Canada and Guatemala, where a significant number of additional fact witnesses reside, is still subject to significant restrictions due to the COVID-19 pandemic. The U.S. State Department and the Centers for Disease Control and Prevention (CDC) issued a Level 3 Travel Health Notice due to COVID-19 for both Canada and Guatemala. These travel restrictions may continue to hamper the Parties' ability to proceed with Phase II discovery. (https://wwwnc.cdc.gov/travel/notices/covid-3/coronavirus-guatemala)

In support of this Joint Stipulation and to show good cause for granting this extension, the Parties set forth the following:

**2.   Discovery Completed**

The issues in this case are broad and complex. The operative complaint alleges five different categories of misleading statements over a four-year class period, including specifically allegations about the operations and risks associated with the Escobal mine operated by a Tahoe subsidiary in San Rafael Las Flores, Guatemala, and legal risks associated with the exploitation license issued to the mine by Guatemala. Defendants deny Plaintiff's allegations.

The original Stipulated Discovery Plan and Scheduling Order was entered on July 8, 2019. ECF No. 86. Thereafter, the Parties agreed to extend the deadlines set forth in that Order. On February 21, 2020, the Court entered the Amended Discovery Scheduling Order. ECF No. 111. As of August 2020, Defendants had produced approximately 40,000 documents and informed Plaintiff that they intended to produce substantially more documents by the end of September 2020. The Parties agreed to extend the deadlines in the Amended Discovery Scheduling Order to account for Defendants' production schedule. On August 22, 2020, the Court entered the Second Amended Discovery Scheduling Order. ECF No. 120.

Between August 17, 2020 and September 18, 2020, Defendants produced approximately 108,000 additional documents. Those documents came from Tahoe's files in the United States, Canada, and Guatemala and from twenty-nine (29) employee custodians, including five in-house attorneys. At least twenty five percent (25%) of the documents are written primarily in Spanish. On September 18, 2020, Defendants also produced their log of documents redacted or withheld pursuant to a claim of attorney-client privilege or the work product doctrine, which contains 134,161 entries (the "Privilege Log"). On December 18, 2020, Plaintiff served a second set of interrogatories on Defendants, and on February 12, 2021, Defendants served their first set of interrogatories and document requests on Plaintiff. Plaintiff has responded to Defendants' discovery requests and produced responsive documents.

On March 23, 2021, the Court granted in part and denied in part the Parties' Joint

Stipulation and [Proposed] Order to Alter Discovery Deadlines (ECF No. 133) and set the following deadlines:

- Class Certification motion: July 1, 2021
- End of Phase I Discovery (United States): September 1, 2021
- End of Phase II Discovery (Foreign) and Fact Discovery: June 30, 2022
- Amend pleadings/add parties: August 1, 2022
- Initial expert reports: August 22, 2022
- Opposing expert reports: September 21, 2022
- Rebuttal expert reports: October 21, 2022
- Close of discovery: November 21, 2022
- Dispositive motions: December 21, 2022
- Joint proposed pretrial order: January 20, 2023, or 30 days after resolution of any dispositive motions.

ECF No. 133 (the "Operative Scheduling Order").

On September 8, 2021, the Court granted the Parties' Joint Stipulation and [Proposed] Order to Extend Domestic Fact Discovery Deadline (filed on August 30, 2021 (ECF No. 152) and revised pursuant to Court order on September 7, 2021 (ECF No. 155)) to November 1, 2021 ("Revised Domestic Fact Discovery Schedule"). ECF No. 156.

The Parties have worked cooperatively to complete the Phase I Discovery by the November 1, 2021 deadline reflected in the Operative Scheduling Order and the Revised Domestic Fact Discovery Schedule. As the Parties have previously reported to the Court, the scheduling of depositions of United States witnesses has been complicated and delayed because a majority of those witnesses are former employees of Defendant Tahoe and third parties who reside outside of Nevada and whose residences were unknown to Plaintiff. Plaintiff has had to invest time and resources to attempt to locate and serve Rule 45 subpoenas on former employees and third parties. In some cases, the witnesses' availability for depositions has been impacted by the COVID-19 pandemic.

Plaintiff has made significant progress towards completing Phase I Discovery:

**Depositions:**

The following depositions have been conducted since the Revised Domestic Fact Discovery Schedule was entered:

- **Donald Gray:** The deposition of Donald Gray, a former Tahoe employee, pursuant to a Rule 45 subpoena, was completed in Nashville, Tennessee, on October 1, 2021.
- **Ellen Moore:** The deposition of Ellen Moore, a non-party working for a non-governmental organization in Guatemala during parts of the relevant time period in this case, pursuant to a Rule 45 subpoena, was completed remotely on October 8, 2021;
- **M3 Engineering & Technology Corp. ("M3"):** The deposition of a representative of M3, former consultant of Tahoe with respect to the Escobal mine, was completed remotely on October 25, 2021.

**Document Production:**

As previously reported to the Court, a document production from Avanzar was made to Plaintiff on August 26, 2021, which contains over 2,000 documents. As indicated above, Defendants assert that information within this product may be privileged and seek to review this production and redact information under a claim of privilege prior to Plaintiff reviewing said production. Lead Plaintiff has generally agreed to this protocol, which is one of the reasons for this proposed domestic fact discovery cutoff extension.

The BSR production has not been made yet, but is near ready to be made, according to email communications from BSR's outside counsel. BSR is aware of Defendants' assertion of potential privileged information and the potential protocol discussed by the Parties.

The subpoenas for documents served on NISGUA and PLAN were served before the Phase I Discovery deadline based in part to follow up on recent deposition testimony. Based on a meet-and-confer Plaintiff's counsel had with NISGUA's recently retained counsel, NISGUA's

ability to respond to the subpoena *duces tecum* will extend past the current November 1, 2021 deadline. Plaintiff's counsel similarly expects for PLAN to respond to its subpoena *duces tecum* after the current November 1, 2021 Phase I discovery deadline.

**Class Certification Discovery:**

Plaintiff filed his Motion for Class Certification on July 1, 2021, supported by the expert opinion of Dr. Zachary Nye Ph.D. (ECF No. 142) and thereafter produced documents relevant to his Motion for Class Certification on July 19, 2021. Defendants took the deposition of the Lead Plaintiff, Kevin Nguyen and Dr. Nye on August 3 and 4, 2021 in San Francisco, California.

Defendants served their opposition to Plaintiff's Motion for Class Certification on September 29, 2021 supported by the expert opinion of Dr. Paul A. Gompers. ECF No. 159. Plaintiff has scheduled to take the deposition of Dr. Gompers on November 5, 2021. Plaintiff will file his reply in further support of his Motion for Class Certification, supported by the reply expert report of Dr. Nye on November 30, 2021.

**Outstanding Discovery Issues with Defendants:**

Plaintiff and Defendants have endeavored to resolve Plaintiff's objections to Defendants' document production and certain privilege claims identified in Defendants' privilege log, through: (i) exchange of letters setting out the Parties' respective positions regarding the privilege logs; (ii) a telephonic meet and confer held on July 16, 2021; (iii) production by Defendants of 296 documents (constituting 1,292 pages) on August 11, 2021 in a supplemental document production and service of a revised privilege log. Plaintiff has reviewed the supplemental document production and the revised privilege log and continues to believe that certain privilege claims are unfounded.

Plaintiff will review any additional assertions of privilege by Defendants in the Avanzar and BSR production and will engage in good faith attempt to resolve any disputes.

**3.  Phase I Discovery that Remains to be Completed**

The outstanding Phase I Discovery at this time that Plaintiff seeks to complete through this extension includes the following:

**Depositions:**

- **BSR**: Plaintiff seeks to take the deposition of a BSR representative on a date to be agreed upon with BSR and Defendants pending completion of the review of the BSR production under the protocol discussed herein.

**Document Production**:

- **BSR**: Plaintiff served a Rule 45 subpoena duces tecum on BSR, to which BSR, through counsel, responded and objected. Plaintiff has been in communication with BSR to negotiate the production of responsive documents. Tahoe also has asserted that numerous documents that may be produced by BSR may be privileged and the Parties have agreed in principal to a mechanism for Tahoe to review the BSR documents prior to production so that any claims of privilege can be preserved.
- **Avanzar:** As discussed above, Avanzar has produced documents responsive to Plaintiff's Rule 45 subpoena, subject to review pursuant to the proposed protocol discussed herein.
- **NISGUA and PLAN:** As discussed above, Plaintiff has served subpoenas for documents on both entities, but has not yet received responses.

4.     **Good Cause**

The Parties submit that good cause to extend the domestic Phase I fact discovery deadline to January 7, 2022 exists. If extended to January 7, 2022, completion of the Phase I Discovery would proceed contemporaneously with the commencement of the second phase of discovery, which was allowed to begin on September 1st. No extension is being sought by the Parties for Phase II Discovery, and if the extension sought here is granted, this extension would not change the Phase II deadline. Moreover, other than the extension of the filing of the remaining briefing regarding Plaintiff's motion for Class Certification, which was approved by the Court on August 31, 2021 (ECF No. 153), the remaining schedule and deadlines will remain the same and are unaffected by the brief extension of Phase I Discovery.

The cooperation of Plaintiff and Defendants notwithstanding, there have been many logistical issues in coordinating the numerous non-party depositions of potentially unrepresented witnesses residing throughout the United States. *See e.g., Willing v. Arms*, No. 2:14-cv-01122-APG-PAL, 2015 WL 5554128, at *2 (D. Nev. Sept. 21, 2015) (Defendant Health Care Partners' Motion to Stay or Extend Discovery granted based on good cause where "several Defendants have not been served or filed responsive pleadings and, if those parties appear, they will need to conduct discovery"); *Keller-McIntyre v. Coll. of Health & Human Servs.*, No. C-06-3209 MMC (EMC), 2006 WL 3093692 (N.D. Cal. Oct. 31, 2006) (Plaintiff filed a motion asking for discovery to be extended in order to obtain documents she subpoenaed from the defendant, a college. Plaintiff argued that there was good cause for the discovery extension because the personnel documents she was seeking were "'relevant and vital' to her case." *Id*. at *1. The Court found there was good cause for the extension and granted it, reasoning that "given the extended pretrial schedule, Defendant will not be prejudiced by the brief extension in discovery for the limited purpose allowed herein. . . . enforcing the subpoena."). *Id*. Plaintiff has had to invest time and resources to attempt to locate and serve Rule 45 subpoenas on former employees and third parties for whom the company could not provide current contact information. Further, in some cases the availability of former employees and third parties for their depositions has been impacted by the COVID 19 pandemic, work schedules and as described above for one non-party witness, negotiating an additional stipulation to cover potentially sensitive and confidential information.

Based on the progress in completing the Phase I domestic fact discovery, the issues Plaintiff has faced in serving and scheduling depositions and document production from non-party witnesses, the limited outstanding domestic fact discovery that remains, the Parties, in good faith, view a two-month extension of time for Plaintiff to complete Phase I domestic fact discovery to January 7, 2022 as reasonable and necessary to the efficient administration of the case.

**5.      Proposed Schedule for Completing Remaining Phase I Discovery**

Based on the above circumstances, the Parties have agreed to an extension for the completion of Phase I Discovery, from November 1, 2021, to January 7, 2022. Accordingly, January 7, 2022 is the proposed deadline for completion of Phase 1 Discovery, with the remaining deadlines in the Operative Scheduling Order (ECF No. 133) unaffected.

NOW, THEREFORE, the Parties request that this Court extend the deadline for the completion of Phase I Discovery to January 7, 2022.

**IT IS SO STIPULATED**.

Dated: October 28, 2021                    Respectfully submitted,

                                                         By: /s/ *James M. Wilson, Jr.*
                                                                James M. Wilson, Jr.

                                                         James M. Wilson, Jr. (*pro hac vice*)
                                                         Robert W. Killorin (*pro hac vice*)
                                                         Daniel Weiss (*pro hac vice*)
                                                         Thomas Papain (*pro hac vice*)

                                                         **FARUQI & FARUQI, LLP**
                                                         685 Third Avenue, 26th Floor
                                                         New York, NY 10017
                                                         Telephone: 212-983-9330
                                                         Facsimile: 212-983-9331
                                                         Email: jwilson@faruqilaw.com
                                                                     rkillorin@faruqilaw.com
                                                                     dweiss@faruqilaw.com
                                                                     tpapain@faruqilaw.com

IT IS SO ORDERED.
Dated:  October 28, 2021
.
.
_____                 Martin A. Muckleroy
Nancy J. Koppe                             State Bar #9634
United States Magistrate Judge             **MUCKLEROY LUNT, LLC**
                                                         6077 S. Fort Apache Rd., Ste 140
                                                         Las Vegas, NV 89148
                                                         Telephone: 702-907-0097
                                                         Facsimile: 702-938-4065
                                                         Email: martin@muckleroylunt.com

                                                         *Attorneys for Lead Plaintiff Kevin Nguyen*

Dated:  October 28, 2021                   By: /s/ *Leslie Bryan Hart*
                                                               Leslie Bryan Hart

                                                         Leslie Bryan Hart, Esq. (SBN 4932)

**FENNEMORE CRAIG, P.C.**
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
lhart@fclaw.com

Scott J. Fisher, Esq. (*pro hac vice*)
Karl R. Barnickol, Esq. (*pro hac vice*)

**NEAL, GERBER & EISENBERG LLP**
2 N. LaSalle St., Suite 1700
Chicago, Illinois 60602
Tel: 312-269-8000 Fax: 312-269-1747

*Attorneys for Defendants Tahoe Resources, Inc., Mark Sadler,*
*Ronald W. Clayton, Edie Hofmeister and C. Kevin McArthur*