UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: TAHOE RESOURCES, INC. SECURITIES LITIGATION | Case No. 2:17-cv-01868-RFB-NJK <br><br> **Order** <br><br> [Docket Nos. 197, 199, 202, 205, 208, 211, and 214] |

On October 5, 2022, Plaintiff filed seven motions to seal related to requests for issuance of letters rogatory. Docket Nos. 197, 199, 202, 205, 208, 211, 214.[1]

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. "The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document." Docket No. 101 at 2 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) and *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). When a motion to seal is predicated on the confidentiality designation of an opposing party or non-party, the designator must come forward with a sufficient evidentiary showing to warrant sealing within seven days. Docket No.

---

[1] The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting <u>the public's interest</u> in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).

1

101 at 2.² If no such filing is made, the Court has warned that it may order the documents unsealed without further notice. *Id.*

All of Plaintiff's motions now before the Court were filed on the basis that Defendants or non-party Business for Social Responsibility designated certain materials as confidential. *See* Docket No. 197 at 2-3; Docket No. 199 at 2-3; Docket No. 202 at 2-3; Docket No. 205 at 2-3; Docket No. 208 at 2-3; Docket No. 211 at 2-3; Docket No. 214 at 2-3. No responses in support of sealing were filed by Defendants or Business for Social Responsibility, despite the Court's order requiring such a filing and warning that such a shortcoming may result in unsealing. With respect to Defendants, therefore, it appears that unsealing is warranted by operation of the Court's prior order. *See* Docket No. 101 at 2. With respect to Business for Social Responsibility, however, it does not appear that service of the motions to seal was effectuated. *See* Docket No. 202 at 5 (asserting that service was provided of the motion to seal through CMECF, even though Business for Social Responsibility is not a docketed party to this case); Docket No. 214 at 5 (same). The Court will afford Business for Social Responsibility seven days to provide the required declarations or indicate that it consents to unsealing.

Accordingly, the Court defers ruling on the motions to seal. Any response from non-party Business for Social Responsibility must be filed by October 27, 2022. Plaintiff must immediately serve non-party Business for Social Responsibility with each motion to seal involving its papers, each underlying motion practice with the subject documents, as well as this order and the Court's order at Docket No. 101. Plaintiff must file a proof of service by October 21, 2022.

IT IS SO ORDERED.

Dated: October 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

² "If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice." Docket No. 101 at 2.