**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re TAHOE RESOURCES, INC. SECURITIES LITIGATION | Case No. 2:17-cv-01868-RFB-NJK<br><br>**U.S. ORDER PRELIMINARILY APPROVING U.S. SETTLEMENT AND PROVIDING FOR NOTICE** |
| This Document Relates to:   All Actions | |

WHEREAS, (i) Lead Plaintiff Tiffany Huynh, as executor for the estate of Kevin Nguyen, ("U.S. Plaintiff"), individually and on behalf of each member of the U.S. Settlement Class (defined below), Abram B. Dyck, Representative Plaintiff in the Canadian Action ("Canadian Plaintiff"), individually and on behalf of each member of the Canadian Settlement Class (defined below), and Defendants Tahoe Resources, Inc. ("Tahoe" or the "Company"), Ronald W. Clayton, C. Kevin McArthur, Mark T. Sadler, and Edie Hofmeister (collectively "Defendants"), have entered into the Stipulation of Settlement, dated May 25, 2023 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *In re Tahoe Resources, Inc. Securities Litigation*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (the "U.S. Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the U.S. settling parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meaning as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has reviewed the Stipulation and does hereby preliminarily approve the U.S. Settlement set forth therein, subject to further consideration at the U.S. Settlement Hearing described below.

2.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this settlement only, the U.S. Action is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Tahoe common stock in the United States or on the NYSE between April 3, 2013 and August 24, 2017, inclusive, and who suffered damages thereby ("U.S. Settlement Class" or "U.S. Settlement Class Member"). Excluded from the U.S. Settlement Class are the Company, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which the Company has a controlling interest or of which the Company is a parent or subsidiary. Also excluded from the U.S.

Settlement Class will be any Person who or which timely and validly seeks exclusion from the U.S. Settlement Class.

3.      The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of U.S. Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the U.S. Settlement Class; (c) the claims of U.S. Plaintiff are typical of the claims of the U.S. Settlement Class she seeks to represent; (d) U.S. Plaintiff and U.S. Plaintiff's Counsel have and will continue to fairly and adequately represent the interests of the U.S. Settlement Class; (e) the questions of law and fact common to the Members of the U.S. Settlement Class predominate over any questions affecting only individual U.S. Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, U.S. Plaintiff is certified as the Class Representative on behalf of the U.S. Settlement Class, U.S. Plaintiff's Counsel is hereby appointed as Class Counsel, and Liaison Counsel is hereby appointed as Liaison Class Counsel.

5.      A hearing (the "U.S. Settlement Hearing") shall be held before this Court on February 9, 2024 at 8:30 a.m., at the United States District Court for the District of Nevada, Lloyd D. George Courthouse, 333 Las Vegas Blvd. South, Las Vegas, NV 89101, Courtroom 7C, to determine whether the proposed settlement of the U.S. Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; whether a U.S. Judgment as provided in ¶ 1.nnn of the Stipulation should be entered; whether the proposed U.S. Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses to be awarded to U.S. Plaintiff's Counsel; and to determine any award to U.S. Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4). The Court may adjourn the U.S. Settlement Hearing without further notice to the members of the U.S. Settlement Class.

6.      The Court approves, as to form and content, the U.S. Notice of Pendency and Proposed Settlement of Class Action Lawsuit Pending in United States District Court for the District of Nevada

2

(the "U.S. Notice") and the U.S. Proof of Claim and Release Form (the "U.S. Claim Form") annexed hereto as Exhibits 1 and 2, respectively, and finds that the mailing and distribution of the U.S. Notice substantially in the manner and form set forth in ¶¶ 11-12 of this Order meets the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled hereto.

7.     The firm of Epiq Systems, Inc. ("U.S. Claims Administrator") is hereby appointed to supervise and administer the notice program as well as the processing of claims as more fully set forth below.

8.     The Court approves the appointment of Huntington National Bank as the U.S. Escrow Agent to manage and administer the U.S. Settlement Fund for the benefit of the U.S. Settlement Class.

9.     Not later than seven (7) calendar days after the Court signs and enters this Order, Tahoe shall provide and/or cause its transfer agent to provide to U.S. Plaintiff's Counsel transfer records in electronic searchable form, such as an Excel spreadsheet, containing the names, mailing addresses, and to the extent reasonably accessible, email addresses of Persons who may have purchased or acquired Tahoe common stock during the U.S. Class Period.  This information shall be kept confidential and shall not be used for any purpose other than to provide the notice contemplated by this Order.

10.     Not later than twenty-one (21) calendar days after entry of this U.S. Preliminary Approval Order (the "U.S. Notice Date"), the U.S. Claims Administrator, shall send by first-class U.S. postal mail, postage prepaid, and to the extent reasonably accessible, email addresses, the U.S. Notice and U.S. Claim Form to the list of record holders of Tahoe common stock, and shall post to its website at www.USTahoeSettlement.com the Stipulation and its exhibits, this Order, and a copy of the U.S. Notice and U.S. Claim Form.

11.     The U.S. Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or acquired Tahoe common stock during the U.S. Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the U.S. Notice and U.S. Claim Form, request from the U.S. Claims Administrator sufficient copies of the U.S. Notice

and U.S. Claim Form to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS after receipt thereof forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the U.S. Notice and U.S. Claim Form, provide a list of the names, addresses, and, to the extent reasonably accessible, email addresses, to the U.S. Claims Administrator and the U.S. Claims Administrator is ordered to send the U.S. Notice promptly to such beneficial owners. The U.S. Claims Administrator shall, if requested, reimburse nominees or custodians out of the U.S. Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to $0.70 per unit if the nominee or custodian elects to undertake the mailing and emailing of the U.S. Notice and U.S. Claim Form or up to $0.10 per name if the nominee or custodian provides the names, postal addresses, and email addresses to the U.S. Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

12.     The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action Lawsuit Pending in United States District Court for the District of Nevada ("U.S. Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that the U.S. Claims Administrator shall cause the U.S. Summary Notice to be published in *Investor's Business Daily* and transmitted over *GlobeNewswire* within fourteen (14) calendar days after the U.S. Notice Date.

13.     U.S. Plaintiff's Counsel shall, at least seven (7) calendar days prior to the U.S. Settlement Hearing, file with the Court proof of mailing and any emailing of the U.S. Notice and U.S. Claim Form and proof of publishing of the U.S. Summary Notice.

14.     The form and content of the notice program described herein, and the methods set forth herein of notifying the U.S. Settlement Class of the U.S. Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15.     In order to be eligible to receive a distribution from the U.S. Net Settlement Fund, in the event the U.S. Settlement is effected in accordance with the terms and conditions set forth in the

Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed U.S. Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the U.S. Claims Administrator, at the address indicated in the U.S. Notice, postmarked or submitted electronically no later than February 1, 2024.  Such deadline may be further extended by Court order.  Each U.S. Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid), or when received if submitted electronically.  Any U.S. Settlement Class Member who does not timely submit a U.S. Claim Form within the time provided for, shall be barred from sharing in the distribution of the U.S. Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this U.S. Action concerning the U.S. Settlement, as provided in paragraph 17 of this order.  Notwithstanding the foregoing, U.S. Plaintiff's Counsel may, in its discretion, accept late-submitted claims for processing by the U.S. Claims Administrator so long as distribution of the U.S. Net Settlement Fund to Authorized U.S. Claimants is not materially delayed thereby.  No Person shall have any claim against U.S. Plaintiff, U.S. Plaintiff's Counsel, or the U.S. Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

(b)     The U.S. Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, or such other documentation as is deemed adequate by the U.S. Claims Administrator and/or U.S. Plaintiff's Counsel; (iii) if the person executing the U.S. Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the claimant must be included in the U.S. Claim Form; and (iv) the U.S. Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury;

(c)     As part of the U.S. Claim Form, each claimant shall submit to the jurisdiction of

1  the Court with respect to the claim submitted.

2    16. Any U.S. Settlement Class Member may enter an appearance in this U.S. Action at his,

3  her, or its own expense, individually or through counsel of his, her, or its choice.  If any U.S.

4  Settlement Class Member does not enter an appearance, he, she, or it will be represented by U.S.

5  Plaintiff's Counsel.

6    17. U.S. Settlement Class Members shall be bound by all orders, determinations, and

7  judgments in this U.S. Action concerning the U.S. Settlement, whether favorable or unfavorable,

8  unless such Persons request exclusion from the U.S. Settlement Class in a timely and proper manner,

9  as hereinafter provided.  A U.S. Settlement Class Member wishing to make such request shall either

10  email or mail by first-class mail the request in written form to the addresses designated in the U.S.

11  Notice for such exclusions, such that it is received, not simply postmarked, on or before January 18,

12  2024.  Such request for exclusion must state the name, address and telephone number of the Person

13  seeking exclusion, must state that the sender requests to be "excluded from the Class and does not

14  wish to participate in the settlement in *In re Tahoe Resources, Inc. Securities Litigation*, No. 2:17-cv-

15  01868-RFB-NJK (D. Nev.)," and must be signed by such Person.  Such Persons requesting exclusion

16  are also directed to state the transaction information requested in the U.S. Notice, and provide

17  verification from their broker (such as copies of trade confirmations, account statements, or transaction

18  histories), or a verified, sworn, or attested-to chart including the dates, prices, and quantities at which

19  they purchased and sold Tahoe common stock during the Class Period, or other documentation of their

20  transactions in Tahoe common stock.  The request for exclusion shall not be effective unless it

21  provides the required information and is made within the time stated above, or the exclusion is

22  otherwise accepted by the Court.

23    18. Putative U.S. Settlement Class Members who timely (as determined by the Court) and

24  validly request exclusion from the U.S. Settlement Class shall not be eligible to receive any payment

25  out of the U.S. Net Settlement Fund as described in the Stipulation and U.S. Notice.

26    19. The Court will consider any U.S. Settlement Class Member's objection to the U.S.

27  Settlement, the U.S. Plan of Allocation, the application for an award of attorneys' fees, expenses,

28  and/or an award to U.S. Plaintiff only if such U.S. Settlement Class Member has served by hand or by

mail his, her, or its written objection and supporting papers, such that they are received on or before

twenty-one (21) calendar days before the U.S. Settlement Hearing, by the Clerk of Court, U.S.

Plaintiff's Counsel, and Defendants' Counsel at the addresses set forth below:

**Clerk's Office**
Clerk of the Court
United States District Court
District of Nevada
Lloyd D George Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

**U.S. Plaintiff's Counsel**
James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

**Defendants' Counsel**
Karl Barnickol
NEAL GERBER & EISENBERG, LLP
2 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602

Any U.S. Settlement Class Member who does not make his, her, or its objection in the manner

provided for in the U.S. Notice shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to any aspect of the U.S. Settlement, to the U.S. Plan of

Allocation, or to the requests for attorneys' fees, expenses, or U.S. Plaintiff award, unless otherwise

ordered by the Court, but shall otherwise be bound by the U.S. Judgment to be entered and the releases

to be given.  Attendance at the hearing is not necessary, however, persons wishing to be heard orally in

opposition to the approval of the U.S. Settlement, the U.S. Plan of Allocation, and/or the application

for an award of attorneys' fees, expenses, and an award to the U.S. Plaintiff are required to indicate in

their written objection their intention to appear at the hearing. Persons who intend to object to the U.S.

Settlement, the U.S. Plan of Allocation, and/or the application for an award of attorneys' fees,

expenses, and an award to U.S. Plaintiff and desire to present evidence at the U.S. Settlement Hearing

must include in their written objections the identity of any witnesses they may call to testify and

exhibits they intend to introduce into evidence at the U.S. Settlement Hearing.

20.     U.S. Settlement Class Members do not need to appear at the hearing or take any other

action to indicate their approval.

21.    Pending final determination of whether the U.S. Settlement should be approved, U.S. Plaintiff, all U.S. Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against the Released Defendant Parties.

22.    As provided in the Stipulation, the U.S. Escrow Agent may disburse at the direction of U.S. Plaintiff's Counsel up to $400,000 from the U.S. Settlement Fund prior to the Effective Date to pay U.S. Notice and Administration Expenses. For any additional U.S. Notice and Administration Expenses above $400,000, U.S. Plaintiff's Counsel shall obtain Court approval for payments out of the U.S. Escrow Account.

23.    All papers in support of the U.S. Settlement, U.S. Plan of Allocation, and any application by U.S. Plaintiff's Counsel for attorneys' fees and expenses or by U.S. Plaintiff for her costs and expenses shall be filed and served on or before December 14, 2023.  If reply papers are necessary, they are to be filed and served by February 1, 2024.

24.    All funds held by the U.S. Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order(s) of the Court.

25.    Neither Defendants nor their counsel shall have any responsibility for the U.S. Plan of Allocation or any application for fees, expenses, or costs submitted by U.S. Plaintiff's Counsel or U.S. Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the U.S. Settlement.

26.    If the U.S. Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this U.S. Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any U.S. party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the U.S. parties, and the U.S. parties shall be deemed to have reverted to their respective litigation positions in the U.S. Action as of January 30, 2023.

27.     All reasonable expenses incurred in identifying and notifying U.S. Class Members, as well as administering the U.S. Settlement Fund, shall be paid as set forth in the Stipulation. In the event the U.S. Settlement is not approved by the Court, or otherwise fails to become effective, neither U.S. Plaintiff nor U.S. Plaintiff's Counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to ¶¶ 11 or 28 of the Stipulation.

IT IS SO ORDERED.


DATED:  November 15, 2023

_____

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re TAHOE RESOURCES, INC. SECURITIES LITIGATION | Case No. 2:17-cv-01868-RFB-NJK |
| | **NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT PENDING IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** |
| This Document Relates to:      All Actions | |

**If you purchased or otherwise acquired Tahoe's common stock in the United States or on the NYSE under the ticker symbol TAHO between April 3, 2013 and August 24, 2017, inclusive, and suffered damages thereby, then you may be entitled to a payment from a class action lawsuit settlement described below.  The settlement is for the lawsuit captioned above.  That settlement is also described as *In re Tahoe Resources, Inc. Securities Litigation*, United States District Court, District Of Nevada, Case No. 2:17-cv-01868-RFB-NJK.  That lawsuit is referred to in this Notice as the "U.S. Action."**

**There is a separate lawsuit against many of the same defendants that was filed in Canada that settled at the same time as the U.S. Action.  That lawsuit is described as *Dyck v. Tahoe Resources, Inc. et al*., Ontario Superior Court of Justice Court, File No. CV-18-00606411-00CP.  That lawsuit is referred to in this Notice as the "Canadian Action."  If you purchased or otherwise acquired Tahoe's common stock on any Canadian exchange (including, without limitation, the Toronto Stock Exchange) or any Canadian alternative trading system, or on any exchange or trading platform outside Canada and the United States under the ticker symbol THO between May 24, 2017 and July 5, 2017, then you may be entitled to a payment from the Canadian Action.  In that event, you should visit www.TahoeCanadianSettlement.ca, for information regarding that separate settlement proceeding.**

**A claimant may file claims in the U.S. Action and the Canadian Action and may be entitled to payment from the settlement in both actions, depending on where the claimant's purchases of shares of Tahoe common stock were made.**

**This Notice is authorized by a U.S. Federal Court and is the Notice for the U.S. Action.  A separate notice for the Canadian Action will be issued as directed by the Canadian Court.**

*This is not a solicitation from a lawyer.*

- The purpose of this notice[1] (the "Notice") is to inform you of the pendency of the U.S. Action, the proposed settlement of the U.S. Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "U.S. Plan of Allocation") should be approved; and (iii) U.S. Plaintiff's Counsel's Fee and Expense Application. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the U.S. Settlement Class.

- On October __, 2023, the Court preliminarily approved the Settlement. If given final approval by the Court, the proposed Settlement will create a $19,500,000.00 U.S. Settlement Fund (the "U.S. Settlement Fund"), plus any interest or income earned thereon, for the benefit of eligible U.S. Settlement Class Members, less any attorneys' fees, expenses, and costs awarded by the Court, U.S. Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by Tiffany Huynh, as executor for the estate of Kevin Nguyen, Lead Plaintiff in the U.S. Action ("U.S. Plaintiff"), individually and on behalf of each member of the U.S. Settlement Class against Defendants Tahoe Resources, Inc. ("Tahoe" or the "Company"), Ronald W. Clayton, C. Kevin McArthur, Mark T. Sadler, and Edie Hofmeister (collectively "Defendants").  Defendants deny all allegations of misconduct.  The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- Attorneys for U.S. Plaintiff will ask the Court for 33% of the U.S. Settlement Fund and up to $900,000.00 in reimbursement for expenses incurred in prosecuting this lawsuit. U.S. Plaintiff's Counsel also intends to ask the Court to grant U.S. Plaintiff an award of up to $10,000 for reasonable costs and expenses (including lost wages) directly relating to her representation of the class.  If approved by the Court, these amounts (totaling approximately $0.056 per allegedly damaged share) will be paid from the U.S. Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses, administrative costs,[2] and U.S. Plaintiff's costs and expenses (if approved by the Court),

---

[1]     All capitalized terms not otherwise defined in this document shall have the meaning provided in the Joint Stipulation and Agreement of Global Settlement of Two Related Securities Class Actions Pending in Different Jurisdictions dated May 25, 2023 (the "Stipulation").

[2]     The estimated U.S. notice and claims administration costs for this Settlement, which shall be paid from the U.S. Settlement Fund, are $397,053.00. The cost is only an estimate, however,

is $0.093 per share.

- **Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY FEBRUARY 1, 2024.** | The only way to get a payment. *See* Question 9 below for details. |
| **EXCLUDE YOURSELF BY JANUARY 18, 2024.** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties (as defined below) concerning the Released Claims (as defined below). *See* Question 12 below for details. |
| **OBJECT BY JANUARY 18, 2024.** | Write to the Court about why you do not like the Settlement, the proposed U.S. Plan of Allocation, U.S. Plaintiff's Counsel's application for an award of attorneys' fees and payment of expenses, and/or an award of reasonable costs and expenses to U.S. Plaintiff.  If you object, you will still be a member of the U.S. Settlement Class. *See* Question 16 below for details. |
| **GO TO A HEARING ON FEBRUARY 9, 2024 AT 8:30 AM AND FILE A NOTICE OF INTENTION TO APPEAR BY FEBRUARY 1, 2024.** | Ask to speak in Court about the Settlement at the U.S. Settlement Hearing about the Settlement. *See* Question 20 below for details. |
| **DO NOTHING.** | Get no payment AND give up your rights to bring your own individual action. *See* Question 21 below for details. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

---

as the administration has not fully commenced as of the date of this Notice. Based upon the estimate, the notice and administration costs per share would be approximately $0.003.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all U.S. Settlement Class Members who timely submit valid U.S. Claim Forms if the Court approves the Settlement and after appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

### Statement of U.S. Plaintiff's Recovery

Subject to Court approval, U.S. Plaintiff, on behalf of the U.S. Settlement Class, has entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Action in its entirety. Pursuant to the proposed Settlement, the U.S. Settlement Fund consisting of $19.5 million in cash (the "U.S. Settlement Amount"), plus any accrued interest or earnings thereon, has been established.

### Estimate of Average Amount of Recovery Per Share

Based on U.S. Plaintiff's consulting damages expert's analysis, it is estimated that if U.S. Settlement Class Members submit claims for 100% of Tahoe common stock entitled to participate in the Settlement, the estimated average recovery per share of common stock would be $0.148 per share before deduction of Court-approved fees and expenses, and approximately $0.093 per share after Court-approved fees and expenses are deducted. Please note, however, that these average recovery amounts are only estimates and an individual U.S. Settlement Class Member may recover more or less than these estimated amounts. As described more fully below in the U.S. Plan of Allocation beginning on page 17, an individual U.S. Settlement Class Member's actual recovery will depend on several factors, including: (a) the total number of claims submitted; (b) the amount of the U.S. Net Settlement Fund; (c) when the U.S. Settlement Class Member purchased his, her, or its Tahoe common stock; and (d) whether and when the U.S. Settlement Class Member sold his, her, or its Tahoe common stock.

### Statement of Potential Outcome of the Case if the U.S. Action Continued to be Litigated

The U.S. parties disagree about both liability and damages and do not agree on the damages that would be recoverable if U.S. Plaintiff were to prevail on each claim asserted against Defendants. The issues on which the U.S. parties disagree include, for example: (i) whether the statements made or facts allegedly omitted were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether Defendants acted with the legally required state of mind, or scienter, in making any of the challenged statements; (iii) the causes of the loss in the value of the stock; and (iv) the amount of alleged damages, if any, that could be recovered at trial.

Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that U.S. Plaintiff and the U.S. Settlement Class Members have suffered any loss attributable to Defendants' actions. While U.S. Plaintiff believes she has meritorious claims, she recognizes

that there are significant obstacles in the way to recovery.

## Statement of Attorneys' Fees and Expenses Sought

U.S. Counsel, on behalf of itself and Liaison Counsel ("Plaintiffs' Counsel"), will apply to the Court for attorneys' fees of 33% of the U.S. Settlement Fund, which includes any accrued interest or earnings thereon. U.S. Plaintiff's Counsel has not received any payment for their services rendered or expenses incurred in conducting this Action on behalf of U.S. Plaintiff and the U.S. Settlement Class. U.S. Plaintiff's Counsel will also apply for payment of expenses incurred by U.S. Plaintiffs' Counsel in prosecuting the U.S. Action of up to $900,000.00, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses of U.S. Plaintiff of up to $10,000 directly relating to its representation of the U.S. Settlement Class. Collectively, these applications are referred to as the "Fee and Expense Application." If approved by the Court, these amounts (totaling approximately $0.056 per share, assuming claims are filed for all shares eligible to participate in the Settlement) will be paid from the U.S. Settlement Fund.

## Reasons for the Settlement

For U.S. Plaintiff, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery to the U.S. Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the operative complaint; the risk that the Court may deny, in whole or in part, the U.S. Plaintiff's pending motion for class certification; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any U.S. Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

## Identification of Legal Representatives

U.S. Plaintiff and the U.S. Settlement Class are represented by Faruqi & Faruqi, LLP, Court-appointed Lead Counsel, and Muckleroy Lunt, LLC, Court-appointed Liaison Counsel. Any questions regarding the Settlement should be directed to James M. Wilson, Jr. at Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017, (212) 983-9330, jwilson@faruqilaw.com.

## BASIC INFORMATION

| 1.  Why did I get this Notice? |
| --- |

You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired Tahoe common stock in the United States or on the NYSE between April 3, 2013 and August 24, 2017, inclusive, and suffered damages

thereby.  This Notice explains the U.S. Action, the Settlement, U.S. Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not mean that you are a Member of the U.S. Settlement Class or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you are required to submit the U.S. Claim Form that is being distributed with this U.S. Notice.**

The Court directed that this U.S. Notice be sent to U.S. Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed U.S. Plan of Allocation, and U.S. Plaintiff's Counsel's Fee and Expense Application (the "U.S. Settlement Hearing").

The Court in charge of the case is the United States District Court for the District of Nevada, and the U.S. Action is known as *In re Tahoe Resources, Inc. Securities Litigation*, No. 2:17-cv-01868-RFB-NJK (D. Nev.).

| 2.   What is a class action? |
| --- |

In a class action, one or more plaintiffs, called lead plaintiffs or class representatives, sue on behalf of people who have similar claims.  The individuals and entities on whose behalf the class representative is suing are known as class members.  One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

| 3.   What is this case about and what has happened so far? |
| --- |

This is a federal securities class action lawsuit.

Tahoe was a minerals mining company based in Reno, Nevada.  U.S. Plaintiff alleges that after obtaining its exploitation license for the Escobal mine in Guatemala, Defendants made materially false and/or misleading statements, as alleged in the Consolidated Amended Class Action Complaint ("AC").

On July 7, 2017, the initial federal complaint in the U.S. Action was filed.  ECF No. 1. On July 13, 2018, the Court appointed Kevin Nguyen as Lead Plaintiff and Faruqi & Faruqi, LLP as Lead Counsel.  ECF No. 54.  On August 31, 2018, the U.S. Plaintiff filed the AC.  ECF No. 59.  On October 30, 2018, Defendants filed a motion to dismiss the AC in the U.S. Action. ECF No. 65.  Following oral argument on Defendants' motion to dismiss, on June 19, 2019, the Court denied Defendants' motion to dismiss except for the claims against former Chief Financial Officer, Elizabeth McGregor.  ECF Nos. 83, 84.

On August 2, 2019, Defendants filed a motion to certify the motion to dismiss order for interlocutory appeal in the U.S. Action and their Answer to the AC.  ECF Nos. 88, 90, 91.  On March 23, 2020, the Court denied Defendants' motion for interlocutory appeal.  ECF No. 114.

Between December 2019 and September 2020, Defendants produced more than 150,000

documents to U.S. Plaintiff.  In April 2020, U.S. Plaintiff produced 894 documents.  On July 1, 2021, U.S. Plaintiff filed a motion to certify a class.  ECF No. 142.  Between August 2021 and January 2022, U.S. Plaintiff sat for a deposition, took the deposition of Defendants' class certification expert, the fact depositions of five former Tahoe employees, and three relevant third parties, and served document production subpoenas on various third parties that resulted in the production of an additional 90,000 documents.

On February 8, 2022, the Court held a hearing on the U.S. Plaintiff's class certification motion, during which time the Court scheduled an evidentiary hearing on the issue of class certification for April 27-28, 2022.  ECF Nos. 165, 173.

On January 29, 2022, U.S. Lead Plaintiff, Kevin Nguyen, passed away.  *See* ECF No. 175.  Therefore, on April 1, 2022, his wife and the sole executor of his estate, Tiffany Huynh, moved to be substituted for Mr. Nguyen as Lead Plaintiff.  *Id.*  On September 14, 2022, the Court granted Ms. Huynh's motion and appointed her as the U.S. Lead Plaintiff.  ECF No. 193.

On October 5, 2022, U.S. Plaintiff filed seven motions for letters rogatory to compel the depositions of relevant witnesses in Peru and Guatemala.  ECF Nos. 195 to 215.  The Court granted the motions on October 31, 2022, and U.S. Plaintiff began the process of serving the letters rogatory on the foreign witnesses.  ECF Nos. 222 to 228.  In December 2022, U.S. Plaintiff took the depositions of the four individual defendants named in the U.S. Action.

---

**4.   How and when was the Settlement reached?**

---

The Parties engaged Robert Meyer, a highly experienced JAMS Mediator (the "Mediator"), and scheduled a mediation for July 28, 2022 to seek to reach a global resolution of the U.S. Action and the Canadian Action.  *See* ECF No. 190.  A pre-mediation conference was held on July 25, 2022.  *Id.*  During that conference, it became apparent that a productive mediation for a global settlement of the U.S. and Canadian Actions would not be possible at that time.  *Id.*

After the mediation scheduled for July 28, 2022, was cancelled, the Parties continued to communicate informally about a possible resolution of all claims.  As a result of these communications, the Parties were able to reach an agreement on certain threshold issues so that a formal mediation with Mr. Meyer was re-scheduled for January 31, 2023.  On January 31, 2023, the Parties met for a full-day mediation session with the Mediator.  The Parties were able to reach an agreement in principle for a global settlement of the claims against Defendants in both Actions.  Pursuant to the settlement in principle, Defendants agreed to resolve all claims for two separate lump sum cash payments of $19,500,000.00 (the "U.S. Settlement Amount") to resolve the claims in the U.S. Action and $13,500,000.00 ("Canadian Settlement Amount") to resolve the claims in the Canadian Action.  The Parties negotiated a term sheet setting out the main components of the settlement in principal and thereafter have negotiated the terms of this final settlement Stipulation.  The Stipulation (together with its exhibits) constitutes the final and binding agreement between the Parties.

The Settlement was reached after arm's-length negotiations between Plaintiffs' Counsel

and counsel for Defendants, and only after: (a) U.S. Plaintiffs' Counsel conducted a lengthy investigation into the facts alleged in the Actions, which included an investigation by a private investigator; (b) U.S. Plaintiffs' Counsel drafted the amended complaint and the statement of claim; (c) U.S. Plaintiff and Defendants engaged in comprehensive briefing on Defendants' Motion to Dismiss and Request for Judicial Notice; (d) U.S. Plaintiffs' Counsel researched the applicable law with respect to the claims against Defendants and the potential defenses thereto; (e) U.S. Plaintiffs' Counsel consulted with experts regarding the facts of the case; (f) U.S. Plaintiff and Defendants exchanged and reviewed more than 150,000 discovery documents pursuant to the operative scheduling order and Federal Rules of Civil Procedure; (g) U.S. Plaintiff served numerous third party document production subpoenas that resulted in the production of more than 90,000 documents; (h) U.S. Plaintiff sat for a day-long deposition and U.S. Plaintiff's Counsel took thirteen depositions of fact and expert witnesses; (i) U.S. Plaintiff and Defendants engaged in extensive briefing on U.S. Plaintiff's motion for class certification; (j) U.S. Plaintiff began the process of serving seven letters rogatory to take the depositions of foreign fact witnesses in Peru and Guatemala; (k) the Parties exchanged detailed mediation statements and exhibits; and (l) the Parties conducted a mediation and engaged in settlement negotiations.

## WHO IS IN THE SETTLMENT

To see if you will get money from this Settlement, you first have to determine if you are a U.S. Settlement Class Member.

| 5.  How do I know if I am a part of the Settlement? |
| --- |

Subject to certain exceptions identified below, everyone who fits this description is a U.S. Settlement Class Member: all Persons who purchased or otherwise acquired Tahoe's common stock in the United States or on the NYSE at artificially inflated prices between April 3, 2013 and August 24, 2017, inclusive, and who suffered damages thereby.

You can determine whether you purchased on a United States exchange by looking at the ticker symbol on your account statements or trade confirmations.  Trades with the ticker symbol TAHO were made on a United States exchange, and you are eligible to apply for a payment from the U.S. Settlement Fund.

If you did not purchase or otherwise acquire Tahoe's common stock in the United States or on the NYSE under the ticker symbol TAHO between April 3, 2013 and August 24, 2017, inclusive, then you are not part of the U.S. Settlement Class.  You may be a member of the Canadian Settlement Class.  For more information on how to obtain recovery from the Settlement, please visit www.TahoeCanadianSettlement.ca.

| 6.  Are there exceptions to being included? |
| --- |

Yes.  There are some individuals and entities that are excluded from the Class by definition. Excluded from the Class are: the Company, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns, and any entity in

which the Company has a controlling interest or of which the Company is a parent or subsidiary.

Also excluded from the U.S. Settlement Class will be any Person who or which timely and validly seeks exclusion from the U.S. Settlement Class in accordance with the requirements explained in Question 12 below.

If you purchased Tahoe common stock on an exchange outside of the United States, you are not a member of the U.S. Settlement Class.  You can determine whether you purchased on a United States exchange by looking at the ticker symbol on your account statements or trade confirmations.  Trades with the ticker symbol TAHO were made on a United States exchange. If your ticker symbol is THO, please visit www.TahoeCanadianSettlement.ca,  for more information on how to recover from the Settlement.

| **7.   What if I am still not sure if I am included?** |
| --- |

If you are still not sure whether you are included, you can ask for free help by calling 1-855-903-0315 or visiting www.USTahoeSettlement.com.  You can also fill out and return the U.S. Claim Form described in Question 9, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| **8.   What does the Settlement provide?** |
| --- |

 In exchange for the Settlement and release of the Released Claims against the Released Defendant Parties, Defendants have agreed to create a $19.5 million U.S. Settlement Fund for the U.S. Settlement Class.  After deductions for Court-awarded fees, expenses, and costs, settlement administration costs, and any applicable Taxes, the balance of the U.S. fund (the "U.S. Net Settlement Fund") will be distributed *pro rata* pursuant to the "Plan of Allocation" among all U.S. Settlement Class Members who submit valid and timely U.S. Claim Forms and are found to be eligible to receive a distribution from the U.S. Net Settlement Fund ("Authorized U.S. Claimants").

The U.S. Plan of Allocation, which is subject to Court approval, is discussed in more detail on pages 17-22 of this U.S. Notice.

| **9.   How can I receive payment?** |
| --- |

To qualify for a payment, you must submit a timely and valid U.S. Claim Form with supporting documents.  A U.S. Claim Form is being circulated with this Notice.  You can also get a U.S. Claim Form from the website dedicated to the Settlement: www.USTahoeSettlement.com.  You can request that a U.S. Claim Form be mailed to you by calling the U.S. Claims Administrator toll-free at 1-855-903-0315. Please read the instructions contained in the U.S. Claim Form carefully, fill out the U.S. Claim Form, include all the documents the form requests, sign it, and either mail it to the U.S. Claims Administrator or

submit it through email at info@USTahoeSettlement.com, so it is postmarked (or received if sent via email) no later than February 1, 2024**.**

If you have large numbers of transactions, you may request, or may be requested to, submit information regarding your transactions in electronic files.  If you wish to submit your transaction data electronically, you must contact the U.S. Claims Administrator at 1-855-903-0315 or visit their website at www.USTahoeSettlement.com to obtain the required file layout. You must still timely submit a signed U.S. Claim Form by mail or email, as specified above.

No electronic files will be considered to have been properly submitted unless the U.S. Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.  All U.S. claimants MUST timely submit a signed U.S. Claim Form to be potentially eligible for a payment from this Settlement.

| **10. When will I receive my payment?** |
| --- |

The Court will hold the U.S. Settlement Hearing on **February 9, 2024 at 8:30 am**, to decide whether to approve the Settlement in the U.S. Action. If the Court approves the Settlement, there may be appeals after that.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the U.S. Claim Forms to be processed.  Please be patient.

| **11. What am I giving up to receive a payment or stay in the U.S. Settlement Class?** |
| --- |

If you are a U.S. Settlement Class Member, unless you exclude yourself, you are staying in the U.S. Settlement Class, and that means that, upon the "Effective Date," you will release all "Released U.S. Claims" (as defined below) against the "Released Defendant Parties" (as defined below).

"Released U.S. Claims" means any and all pending claims arising from the same operative facts as the U.S. Action, and any and all causes of action of every nature and description, including both known claims and Unknown Claims (defined below), contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, provincial, common or foreign law, that U.S. Plaintiff or any other member of the U.S. Settlement Class: (i) asserted in the U.S. Action; or (ii) could have asserted in the U.S. Action or any forum, domestic or foreign, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, to: (a) the allegations, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, alleged or referred to in the U.S. Action; and (b) the purchase or sale or other acquisition or disposition, or holding of Tahoe common stock in the United States or on the NYSE, during the class period in the U.S. Action.

"Released Defendant Parties" means (a) Defendants, Defendants' Counsel; (b)  each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals,

10

successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, legal representatives, attorneys, auditors,  and insurers; (c) the spouses, immediate family members, representatives, and heirs of the Individual Defendants; (d) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant's immediate family members; and (e) any firm, trust, corporation, or entity in which any Defendant has a controlling interest.

 "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

"Released Plaintiff Parties" means each and every member of the Settlement Classes, U.S. Plaintiff, Canadian Plaintiff, U.S. Plaintiff's Counsel, Canadian Plaintiff's Counsel and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Parties who is an individual, as well as any trust of which any Released Plaintiff Parties is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Classes.

"Unknown Claims" means any and all Released Claims that Plaintiffs or any other members of Settlement Classes does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Classes.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each other member of the Settlement Classes shall be deemed to have, and by operation of the Judgments or an Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, Canada, or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other members of the Settlement Classes, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each member of the Settlement Classes shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgments or an Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other members of the Settlement Classes by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when Orders entered by the Court and the Canadian Court approving the Settlement become Final and are not subject to appeal.  If you remain a member of the U.S. Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.  Upon the Effective Date, Defendants will also provide a release of any claims against U.S. Plaintiff and the U.S. Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the U.S. Action.

If you remain a member of the U.S. Settlement Class, all of the Court's orders will apply to you and legally bind you.  You will be bound by the releases whether or not you submit a U.S. Claim Form and/or receive a payment under the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be eligible to receive a payment from the U.S. Settlement, but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to remove yourself from the U.S. Settlement Class.  This is called excluding yourself or "opting out" of the U.S. Settlement Class.  **Please note: If you decide to exclude yourself and bring your own claims, Defendants will have the right to seek their dismissal, and there is a risk that any lawsuit you file or have already filed to pursue claims alleged in the U.S. Action may be dismissed. Also, Defendants may terminate the Settlement if U.S. Settlement Class Members who purchased in excess of a certain amount of Tahoe's shares seek exclusion from the U.S. Settlement Class.**

---

**12. How do I exclude myself from the U.S. Settlement Class?**

---

To exclude yourself from the U.S. Settlement Class, you must send a signed letter stating that you request to be "excluded from the U.S. Settlement Class and do not wish to participate in the settlement in *In re Tahoe Resources, Inc. Securities Litigation*, No. 2:17-cv-01868-RFB-NJK (D. Nev.)."  You cannot exclude yourself by telephone.  To be valid, your letter must state: (A) your name, address, telephone number, and signature; (B) the date,

number, and dollar amount of all purchases or acquisitions of Tahoe common stock in the United States or on the NYSE between April 3, 2013 and August 24, 2017, inclusive; and (C) the date, number, and dollar amount of all sales of Tahoe common stock between August 25, 2017 and November 22, 2017, inclusive. **The submission must also be accompanied by verification from your broker (such as copies of trade confirmations, account statements, or transaction histories), OR a verified, sworn, or attested-to chart including the dates, prices, and quantities at which you purchased and sold Tahoe common stock during the Class Period, OR other documentation of your transactions in Tahoe common stock.**

Your submission must be received, not simply postmarked, no later than **January 18, 2024**.  You may email your exclusion request to Info@USTahoeSettlement.com, or you may mail it to:

Tahoe Resources United States Securities Litigation
Epiq Systems, Inc.
P.O. Box 5866
Portland, OR 97228-5866

A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

---

**13. If I do not exclude myself, can I sue Defendants and the other Released Parties for the same thing later?**

---

No.  Unless you exclude yourself, you give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* U.S. Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **January 18, 2024.**

---

**14. If I exclude myself, can I get money from the proposed Settlement?**

---

No. If you exclude yourself, you will not get money from the proposed U.S. Settlement.

**THE LAWYERS REPRESENTING THE CLASS**

---

**15. Do I have a lawyer in this case?  How will the lawyers be paid?**

---

The Court has appointed the law firm of Faruqi & Faruqi, LLP as U.S. Plaintiff's

Counsel and Muckleroy Lunt, LLC as Liaison Counsel (collectively, "U.S. Plaintiff's Counsel") to represent U.S. Plaintiff and all other U.S. Settlement Class Members in the U.S. Action.

You will not be separately charged for the fees or expenses of U.S. Plaintiff's Counsel appointed by the U.S. Court. The Court will determine the amount of U.S. Plaintiff's Counsel's fees and expenses, which will be paid from the U.S. Settlement Fund. *See also* Notice at 4 ("Statement of Attorneys' Fees and Expenses Sought"). If you want to be represented by your own lawyer, you may hire one at your own expense.

## OBJECTING TO THE SETTLEMENT, THE U.S. PLAN OF ALLOCATION, OR THE U.S. FEE AND EXPENSE APPLICATION

If you are a U.S. Settlement Class Member, you can tell the Court that you do not agree with the Settlement or some part of it.  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If this is what you want to happen, you must object.

---

**16. How do I tell the Court that I do not like the proposed Settlement?**

---

If you are a U.S. Settlement Class Member, you can object to the Settlement or any of its terms, the proposed U.S. Plan of Allocation, and/or the U.S. Fee and Expense Application, and give reasons why you think the Court should not approve it.  If the Court denies approval of the Settlement, no payments will be made to U.S. Settlement Class Members, the U.S. parties will return to the position they were in before the Settlement was agreed to, and the U.S. Action will continue.

To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed U.S. Plan of Allocation, and/or the U.S. Fee and Expense Application in "*In re Tahoe Resources, Inc. Securities Litigation*, No. 2:17-cv-01868-RFB-NJK (D. Nev.)." Your objection must state why you are objecting and must also: (i) include your name, address, telephone number, and signature; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) you wish to bring to the Court's attention; and (iii) documentation identifying the number of Tahoe common stock you purchased or acquired between April 3, 2013 and August 24, 2017, and documentation identifying the number of Tahoe shares you sold between August 25, 2017 and November 22, 2017, inclusive.  Unless otherwise ordered by the Court, any U.S. Settlement Class Member who does not object in the manner described in this U.S. Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, U.S. Plan of Allocation, and/or U.S. Plaintiff's Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **and** be mailed or delivered to each of the following counsel so that it is received, not simply postmarked, no later than **January 18, 2024**:

**Clerk's Office**
Clerk of the Court

United States District Court
District of Nevada
Lloyd D. George Courthouse
333 Las Vegas Blvd. South
Las Vegas, NV 89101

**U.S. Plaintiff's Counsel**
James M. Wilson, Jr.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

**Defendants' Counsel**
Karl Barnickol
NEAL GERBER & EISENBERG, LLP
2 N. LaSalle Street, Suite 1700
Chicago, Illinois 60602

---

**17. What is the difference between objecting and seeking exclusion?**

---

Objecting is telling the Court that you do not like something about the proposed U.S. Settlement, U.S. Plan of Allocation, or U.S. Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the U.S. Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the U.S. Settlement Class. If you exclude yourself, you have no basis to object because the Settlement and the U.S. Action no longer affect you.

**THE COURT'S SETTLEMENT HEARING**

---

**18. When and where will the Court decide whether to approve the proposed settlement?**

---

The Court will hold the U.S. Settlement Hearing at 8:30 am on February 9, 2024, in Courtroom 7C of the United States District Court for District of Nevada, Lloyd D. George Courthouse, 333 Las Vegas Blvd. South, Las Vegas, NV 89101. At this hearing the Court will consider whether: (i) the Settlement is fair, reasonable and adequate, and should receive final approval; (ii) the U.S. Plan of Allocation is fair and reasonable, and should be approved; and (iii) the U.S. Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 16 above. We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the U.S. Settlement Hearing, or hold the hearing telephonically, without another notice being sent to U.S. Settlement Class Members. If you want to attend the hearing, you should check with U.S. Plaintiff's Counsel beforehand to be sure that the date and/or time has not changed, or

periodically check the Settlement website at www.USTahoeSettlement.com to see if the U.S. Settlement Hearing stays as calendared or is changed.

| 19. Do I have to come to the U.S. Settlement Hearing? |
|---|

No. U.S. Plaintiff's Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to the Court to discuss it.  You may have your own lawyer (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file a Notice of Appearance in the manner described in the answer to Question 20 below no later than February 1, 2024.

| 20. May I speak at the U.S. Settlement Hearing? |
|---|

If you object to the Settlement, you may ask the Court for permission to speak at the U.S. Settlement Hearing.  To do so, you must include with your objection (*see* Question 16 above) a statement stating that it is your "Notice of Intention to Appear in *In re Tahoe Resources, Inc. Securities Litigation*, No. 2:17-cv-01868-RFB-NJK (D. Nev.)."  Persons who intend to present evidence at the U.S. Settlement Hearing must also include in their written objections the identities of any witnesses they wish to call to testify and any exhibits they intend to introduce into evidence at the U.S. Settlement Hearing.  Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the U.S. Settlement Class or if you have not provided written notice of your intention to speak at the U.S. Settlement Hearing by the deadline identified, and in accordance with the procedures described in this Question 20 and Question 16.

## IF YOU DO NOTHING

| 21. What happens if I do nothing at all? |
|---|

If you do nothing and you are a member of the U.S. Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the U.S. Net Settlement Fund, you must submit a U.S. Claim Form (*see* Question 9 above).  To start, continue, or be part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from this U.S. Settlement Class (*see* Question 12).

## GETTING MORE INFORMATION

| 22. Are there more details about the proposed Settlement? |
|---|

This U.S. Notice summarizes the proposed Settlement.  For the precise terms and

conditions of the Settlement, please see the Stipulation available at
ww.USTahoeSettlement.com, by accessing the Court docket in this case, for a fee, through the
Court's Public Access to Court Electronic Records (PACER) system at
https://ecf.nvd.uscourts.gov, or by visiting the Office of the Clerk of the United States District
Court for the District of Nevada, Lloyd D. George Courthouse, 333 Las Vegas Blvd. South, Las
Vegas, NV 89101, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court
holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO
INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

You can also get a copy of the Stipulation, and other documents related to the Settlement,
as well as additional information about the Settlement by visiting the website dedicated to the
U.S. Settlement, www.USTahoeSettlement.com, writing to the U.S. Claims Administrator at
Tahoe Resources United States Securities Litigation, Epiq Systems, Inc., P.O. Box 5866,
Portland, OR 97228-5866; or by calling the U.S. Claims Administrator toll free at 1-855-903-
0315.

**PROPOSED PLAN OF ALLOCATION OF U.S. NET SETTLEMENT FUND AMONG
U.S. SETTLEMENT CLASS MEMBERS**

The U.S. Plan of Allocation is a matter separate and apart from the proposed Settlement,
and any decision by the Court concerning the U.S. Plan of Allocation shall not affect the validity
or finality of the proposed Settlement. The Court may approve the U.S. Plan of Allocation with or
without modifications agreed to among the Parties, or may approve another plan of allocation,
without further notice to U.S. Settlement Class Members.

The objective of the U.S. Plan of Allocation is to equitably distribute the U.S. Net
Settlement Fund among Authorized U.S. Claimants based on their respective alleged economic
losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide
factors, or Company-specific factors unrelated to the alleged fraud. The U.S. Claims Administrator
shall determine each Authorized U.S. Claimant's share of the U.S. Net Settlement Fund based
upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss
will be calculated for each share of Tahoe common stock purchased or otherwise acquired during
the U.S. Settlement Class Period, on a U.S. stock exchange or in a transaction in the U.S.[3] The
calculation of a Recognized Loss will depend upon several factors, including when the shares of
Tahoe common stock were purchased during the U.S. Settlement Class Period, and for what
amounts, and whether such shares were sold, and if sold, when they were sold, and for what
amounts. The Recognized Loss is not intended to estimate the amount a U.S. Settlement Class
Member might have been able to recover after a trial, nor to estimate the amount that will be paid
to Authorized U.S. Claimants pursuant to the Settlement. The Recognized Loss is the basis upon

---

[3] This includes purchases of Tahoe common stock executed on a U.S. stock exchange or U.S.
alternative trading system. During the Class Period, Tahoe common stock was dual listed on the
New York Stock Exchange ("NYSE") and the Toronto Stock Exchange ("TSX") under the
symbol "TAHO" and "THO," respectively. Purchases of Tahoe common stock on a non-U.S.
stock exchange, including the TSX, are not included in the U.S. Plan of Allocation.

17

how the U.S. Net Settlement Fund will be proportionately allocated to the Authorized U.S. Claimants. The U.S. Claims Administrator will use its best efforts to administer and distribute the U.S. Net Settlement Fund to the extent that it is equitably and economically feasible.

The U.S. Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Tahoe common stock was artificially inflated throughout the U.S. Settlement Class Period. The estimated alleged artificial inflation in the price of Tahoe common stock during the U.S. Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Tahoe common stock during the U.S. Settlement Class Period is based on certain misrepresentations alleged by U.S. Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by U.S. Plaintiff.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous alleged misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Tahoe common stock purchased or otherwise acquired during the U.S. Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which allegedly corrected a misleading statement or omission. U.S. Plaintiff and U.S. Plaintiff's Counsel have determined that such price declines occurred on July 6, 2017 and August 25, 2017 (the "Corrective Disclosure Dates"). Accordingly, if a share of Tahoe common stock was sold before July 6, 2017 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.  Likewise, if a share of Tahoe common stock was both purchased and sold between the two Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

| Table 1 | | |
| Artificial Inflation in Tahoe Common Stock | | |
| From | To | Per-Share Price Inflation |
|---|---|---|
| April 3, 2013 | July 5, 2017 | $3.69 |
| July 6, 2017 | August 24, 2017 | $1.02 |
| August 25, 2017 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Tahoe common stock purchased during the U.S. Settlement Class Period and held as of the close of the 90-day period subsequent to the U.S. Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Tahoe common stock during the 90-Day Lookback Period. The Recognized Loss on Tahoe common stock purchased during the U.S. Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Tahoe common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and

commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transactions in Tahoe common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Per Share of Tahoe Common Stock

For each share of Tahoe common stock purchased or otherwise acquired during the U.S. Settlement Class Period (i.e., April 3, 2013 through August 24, 2017, inclusive), the Recognized Loss per share shall be calculated as follows:

I. For each share of Tahoe common stock purchased during the U.S. Settlement Class Period that was sold prior to July 6, 2017, the Recognized Loss per share is $0.00.

II. For each share of Tahoe common stock purchased between April 3, 2013 and July 5, 2017, inclusive:

   a. that was subsequently sold during the period July 6, 2017 through August 24, 2017, inclusive, the Recognized Loss per share is $2.67.

   b. that was subsequently sold during the period August 25, 2017 through November 22, 2017, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the least of*:

      i. $3.69; or

      ii. the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

   c. that was still held as of the close of trading on November 22, 2017, the Recognized Loss per share is *the lesser of*:

      i. $3.69; or

      ii. the purchase price *minus* the average closing price of Tahoe common stock during the 90-Day Lookback Period, which is $5.00.

III. For each share of Tahoe common stock purchased between July 6, 2017 and August 24, 2017, inclusive:

   a. that was subsequently sold during the period July 6, 2017 through August 24, 2017, inclusive, the Recognized Loss per share is $0.00.

   b. that was subsequently sold during the period August 25, 2017 through November 22, 2017, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

      i. $1.02; or

19

ii.   the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

c.   that was still held as of the close of trading on November 22, 2017, the Recognized Loss per share is *the lesser of*:

i.   $1.02; or

ii.   the purchase price *minus* the average closing price of Tahoe common stock during the 90-Day Lookback Period, which is $5.00.

For each share of Tahoe common stock purchased or otherwise acquired on or after August 25, 2017, the Recognized Loss per share is $0.00.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 8/25/2017 | $4.47 | 9/26/2017 | $5.26 | 10/25/2017 | $5.20 |
| 8/28/2017 | $4.48 | 9/27/2017 | $5.25 | 10/26/2017 | $5.19 |
| 8/29/2017 | $4.45 | 9/28/2017 | $5.24 | 10/27/2017 | $5.17 |
| 8/30/2017 | $4.47 | 9/29/2017 | $5.24 | 10/30/2017 | $5.17 |
| 8/31/2017 | $4.53 | 10/2/2017 | $5.24 | 10/31/2017 | $5.16 |
| 9/1/2017 | $4.57 | 10/3/2017 | $5.24 | 11/1/2017 | $5.15 |
| 9/5/2017 | $4.61 | 10/4/2017 | $5.25 | 11/2/2017 | $5.14 |
| 9/6/2017 | $4.64 | 10/5/2017 | $5.25 | 11/3/2017 | $5.13 |
| 9/7/2017 | $4.65 | 10/6/2017 | $5.26 | 11/6/2017 | $5.13 |
| 9/8/2017 | $4.66 | 10/9/2017 | $5.26 | 11/7/2017 | $5.11 |
| 9/11/2017 | $4.80 | 10/10/2017 | $5.26 | 11/8/2017 | $5.10 |
| 9/12/2017 | $4.92 | 10/11/2017 | $5.26 | 11/9/2017 | $5.09 |
| 9/13/2017 | $5.00 | 10/12/2017 | $5.26 | 11/10/2017 | $5.07 |
| 9/14/2017 | $5.05 | 10/13/2017 | $5.26 | 11/13/2017 | $5.06 |
| 9/15/2017 | $5.08 | 10/16/2017 | $5.25 | 11/14/2017 | $5.05 |
| 9/18/2017 | $5.11 | 10/17/2017 | $5.25 | 11/15/2017 | $5.04 |
| 9/19/2017 | $5.14 | 10/18/2017 | $5.25 | 11/16/2017 | $5.03 |
| 9/20/2017 | $5.16 | 10/19/2017 | $5.24 | 11/17/2017 | $5.02 |
| 9/21/2017 | $5.18 | 10/20/2017 | $5.24 | 11/20/2017 | $5.01 |
| 9/22/2017 | $5.21 | 10/23/2017 | $5.23 | 11/21/2017 | $5.01 |
| 9/25/2017 | $5.24 | 10/24/2017 | $5.22 | 11/22/2017 | $5.00 |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the U.S. Net Settlement Fund. Such payment will depend on the number of securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Tahoe common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a U.S. Settlement Class Member acquired Tahoe common stock during the U.S. Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Tahoe common stock were originally purchased prior to commencement of the U.S. Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Tahoe common stock during the U.S. Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Tahoe common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Tahoe common stock held as of the close of trading on April 2, 2013 (the last day before the U.S. Settlement Class Period begins) and then against the purchases of Tahoe common stock during the U.S. Settlement Class Period beginning with the earliest purchase during the U.S. Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the U.S. Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Tahoe common stock, the earliest U.S. Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to Tahoe common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Tahoe common stock on the date of exercise. Any Recognized Loss arising from purchases of Tahoe common stock acquired during the U.S. Settlement Class Period through the exercise of an option on Tahoe common stock[4] shall be computed as provided for other purchases of Tahoe common stock in the U.S. Plan of Allocation.

Payment according to the U.S. Plan of Allocation will be deemed conclusive against all Authorized U.S. Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The U.S. Claims Administrator shall allocate to each Authorized U.S. Claimant a *pro rata* share of the U.S. Net Settlement Fund based on his, her, or its total Recognized Loss as compared to the total Recognized Losses of all Authorized U.S. Claimants. No distribution will be made to Authorized U.S. Claimants who would otherwise receive a distribution of less than $10.00.

---

[4] Including (1) purchases of Tahoe common stock as the result of the exercise of a call option, and (2) purchases of Tahoe common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

U.S. Settlement Class Members who do not submit an acceptable U.S. Proof of Claim and Release Form ("U.S. Proof of Claim") will not share in the Settlement proceeds. The Settlement and the U.S. Final Order and Judgment dismissing this Action with prejudice will nevertheless bind U.S. Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable U.S. Proof of Claim.

Please contact the U.S. Claims Administrator or U.S. Plaintiff's Counsel if you disagree with any determinations made by the U.S. Claims Administrator regarding your U.S. Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all U.S. Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of U.S. Proof of Claim forms, the investment of the U.S. Settlement Fund, the distribution of the U.S. Net Settlement Fund, the U.S. Plan of Allocation, or the payment of any claim. U.S. Plaintiff and U.S. Plaintiff's Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized U.S. Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the U.S. Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the U.S. Claims Administrator has made reasonable and diligent efforts to have U.S. Settlement Class Members who are entitled to participate in the distribution of the U.S. Net Settlement Fund cash their distributions, any balance remaining in the U.S. Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of U.S. Plaintiff's Counsel or the U.S. Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the U.S. Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the U.S. Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by U.S. Plaintiff's Counsel.

If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice of rejection, or a lesser period of time if the claim was untimely, serve upon the respective U.S. Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, U.S. Plaintiff's Counsel shall thereafter present the request for review to the Court.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased Tahoe common stock in the United States or on the NYSE at artificially inflated prices between April 3, 2013 and August 24, 2017 for the beneficial interest of a person or organization other than yourself, the Court has directed that WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE AND CLAIM FORM, YOU MUST EITHER: (a) request from the U.S. Claims Administrator sufficient copies of the U.S. Notice and U.S. Claim Form to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS after receipt thereof forward them to all such beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the U.S. Notice and U.S. Claim Form, provide a list of the names, addresses, and, to the extent reasonably accessible, email addresses, to the U.S. Claims Administrator.  You are entitled to reimbursement from the U.S. Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names, postal addresses, and email addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the U.S. Claims Administrator:

Tahoe Resources United States Securities Litigation

Epiq Systems, Inc.

P.O. Box 5866

Portland, OR 97228-5866

Telephone:1-855-903-0315

Email: info@USTahoeSettlement.com

Dated: _____

# EXHIBIT 2

**Proof of Claim Form For United States Settlement Class Only**

*Tahoe Resources United States Securities Litigation*
Epiq Systems, Inc.
PO Box 5866
Portland, OR 97228-5866
Telephone:1-855-903-0315
Email: info@USTahoeSettlement.com

## U.S. PROOF OF CLAIM AND RELEASE FORM

This **U.S. Proof of Claim and Release form ("U.S. Claim Form") applies to Persons who purchased or otherwise acquired Tahoe's common stock in the United States or on the NYSE under the ticker symbol TAHO between April 3, 2013 and August 24, 2017, inclusive, and who suffered damages thereby.**[1]

If you purchased or otherwise acquired Tahoe's common stock on any **Canadian exchange (including, without limitation, the Toronto Stock Exchange) or any Canadian alternative trading system under the ticker symbol THO between May 24, 2017 and July 5, 2017**, you may be eligible to participate in a separate settlement being administered through the Ontario Superior Court of Justice. Please visit www.TahoeCanadianSettlement.ca for more information regarding that separate settlement proceeding or to file a claim in that proceeding.

## I.     GENERAL INSTRUCTIONS

1.     To recover as a Member of the U.S. Settlement Class based on your claims in the action entitled *In re Tahoe Resources, Inc. Securities Litigation*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (the "U.S. Action"), you must complete and, on pages 10-11 hereof, sign this U.S. Claim Form.  If you fail to submit a timely and properly addressed (as set forth in paragraph 2 below) U.S. Claim Form along with the requested supporting documentation, your claims may be rejected and you may not receive any recovery from the U.S. Settlement Fund created in connection with the proposed Settlement of the U.S. Action.

2.     Submission of this U.S. Claim Form, however, does not assure that you will share in proceeds of the Settlement of the U.S. Action.

3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED U.S. CLAIM FORM AND THE SUPPORTING DOCUMENTS REQUESTED HEREIN (OR SUBMIT THEM VIA EMAIL TO INFO@USTAHOESETTLEMENT.COM), SUCH THAT YOUR CLAIM IS

---

[1]     All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement dated May 25, 2023 (the "Stipulation").  The Stipulation also resolved separate claims brought in the Ontario Superior Court of Justice ("Canadian Action") in the case entitled *Dyck v. Tahoe Resources, Inc. et al.*, Court File No. CV-18-00606411-00CP. This Notice does not apply to the settlement procedures in the Canadian Action. *See* wwwTahoeCanadianSettlement.ca for information regarding the settlement procedures in the Canadian Action.

**Proof of Claim Form For United States Settlement Class Only**

POSTMARKED (OR SUBMITTED IF SENT VIA EMAIL OR FAX) NO LATER THAN [90 CALENDAR DAYS FROM NOTICE DATE] TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Tahoe Resources United States Securities Litigation
P.O. Box 5866
Portland, OR 97228-5866
Telephone:1-855-903-0315
Email: info@USTahoeSettlement.com

If you are NOT a member of the U.S. Settlement Class (as defined in the U.S. Notice), DO NOT submit a U.S. Proof of Claim form.  Also, NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT OF LESS THAN $10.00 WILL **NOT** BE PAID.

4.  If you are a member of the U.S. Settlement Class and you did not timely request exclusion from the U.S. Settlement Class, you will be bound by the terms of any judgment entered in the U.S. Action, including the releases provided herein, WHETHER OR NOT YOU SUBMIT A U.S. CLAIM FORM.

5.  Please note:  Only purchases or acquisitions of Tahoe common stock in the United States or on the NYSE under the ticker symbol TAHO between April 3, 2013 and August 24, 2017 are eligible to participate in this Settlement under the proposed Plan of Allocation set forth in the Notice. However, **in order for the Claims Administrator to be able to balance your claim, ALL purchase and sale information of Tahoe common stock between April 3, 2013 and November 22, 2017, whether or not in the United States, under ticker symbol TAHO or THO, must be provided.**

## II.    CLAIMANT IDENTIFICATION

You are a U.S. Settlement Class Member if you purchased or otherwise acquired Tahoe's common stock in the United States or on the NYSE under the ticker symbol TAHO between April 3, 2013 and August 24, 2017, inclusive, and who suffered damages thereby.  Excluded from the U.S. Settlement Class are Tahoe, its officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which Tahoe has a controlling interest or of which Tahoe is a parent or subsidiary.  Also excluded from the U.S. Settlement Class will be any Person who or which timely and validly seeks exclusion from the U.S. Settlement Class.

If you purchased or otherwise acquired Tahoe common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser, and the third party is the record purchaser.

**Proof of Claim Form For United States Settlement Class Only**

Use Part I of this form entitled "Claimant Information" to identify yourself and each owner of record ("nominee") if different from the beneficial owner of the Tahoe common stock that form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE TAHOE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this U.S. Claim Form.  Executors, administrators, guardians, conservators, and trustees must complete and sign this U.S. Claim Form on behalf of persons represented by them and their authority must accompany this claim *and* their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a member of the U.S. Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a signed U.S. Claim Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the U.S. Claims Administrator at info@USTahoeSettlement.com or visit their website at www.USTahoeSettlement.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the U.S. Claims Administrator issues to the U.S. Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Tahoe Common Stock," to supply all required details of your transaction(s) in Tahoe. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all the requested information with respect to (1) all of your purchases and acquisitions of Tahoe common stock that took place between April 3, 2013 and November 22, 2017, inclusive; (2) the number of shares of common stock that you held at the opening of trading on April 3, 2013; and (3) the number of shares of common stock that you held at the close of trading on November 22, 2017.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with

3

**Proof of Claim Form For United States Settlement Class Only**

the earliest. You must accurately provide the month, day, and year of each transaction you list. Prices must be provided in U.S. Dollars.

The date of covering a "short sale" is deemed to be the date of purchase of Tahoe common stock. The date of a "short sale" is deemed to be the date of sale of Tahoe common stock.

For each transaction, you must provide, together with this U.S. Claim Form, copies of stockbroker confirmations slips, stockbroker statements, or other documents adequately evidencing your transactions in Tahoe common stock. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

## TAHOE RESOURCES, INC. SECURITIES LITIGATION

## PART I. CLAIMANT INFORMATION

### CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name / Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name / Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City / State/Province / Zip Code

Foreign Postal Code (if applicable) / Foreign Country (if applicable)

4

**Proof of Claim Form For United States Settlement Class Only**

Telephone Number (Day)

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

Telephone Number (Evening)

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)     ☐ Corporation     ☐ UGMA Custodian     ☐ IRA

☐ Partnership     ☐ Estate     ☐ Trust     ☐ Other

**Proof of Claim Form For United States Settlement Class Only**

**PART II. SCHEDULE OF TRANSACTIONS IN TAHOE COMMON STOCK**

**Beginning Holdings:**

A.     State the total number of shares of Tahoe common stock owned at the opening of trading on April 3, 2013, long or short (must be documented).

_____

**Purchases:**

B.     Separately list each and every share you purchased or acquired of Tahoe common stock during the period from **April 3, 2013 to November 22, 2017, inclusive,** and provide the following information (*must be documented*):[2]

PLEASE NOTE: WHILE ONLY SHARES PURCHASED IN THE U.S. ARE ELIGIBLE IN THIS MATTER, PURCHASES AND SALES MADE OUTSIDE THE U.S. MUST BE LISTED FOR BALANCING PURPOSES.  PRICE INFORMATION FOR INTERNATIONAL TRANSACTIONS IS NOT REQUIRED.

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share in U.S. Dollars | Total Cost in U.S. Dollars (Excluding Commissions, Taxes, and Fees) | If purchased on a Canadian exchange or elsewhere outside U.S., check here |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Sales:**

C.     Separately list each and every sale of each share of Tahoe common stock during the period between April 3, 2013 and November 22, 2017, inclusive, and provide the following information (*must be documented*):

| Trade Date |  |  | Total Cost in U.S. Dollars |
|---|---|---|---|

---

[2]     **Please note**:  Information requested with respect to your purchase or acquisition of Tahoe common stock from August 25, 2017 through and including November 22, 2017 is needed in order to calculate your claim; purchases during this period, however, are not eligible under the settlement.

**Proof of Claim Form For United States Settlement Class Only**

| (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share in U.S. Dollars | (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.      State the total number of shares of Tahoe common stock owned at the close of trading on November 22, 2017, long or short (*must be documented*).

_____

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet. NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10.00 WILL NOT BE PAID.**

**YOU MUST READ THE RELEASE AND SIGN BELOW. FAILURE TO SIGN MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART III. SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| The Last Four Digits of Your Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

**Proof of Claim Form For United States Settlement Class Only**

## PART IV.  SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this U.S. Claim Form under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the U.S. Court, with respect to my (our) claim as a U.S. Settlement Class Member and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the U.S. Action.  I (We) agree to furnish additional information to the U.S. Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Tahoe common stock during the relevant period and know of no other person having done so on my (our behalf).

## PART V.  RELEASES

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released U.S. Claims each and all of the Released Parties as provided in the Stipulation of Settlement.

2.      "Released U.S. Claims" means any and all pending claims arising from the same operative facts as the U.S. Action, and any and all causes of action of every nature and description, including both known claims and Unknown Claims (defined below), contingent or absolute, mature or not mature, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, provincial, common or foreign law, that U.S. Plaintiff or any other member of the U.S. Settlement Class: (i) asserted in the U.S. Action; or (ii) could have asserted in the U.S. Action or any forum, domestic or foreign, that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, to: (a) the allegations, transactions, facts, events, matters or occurrences, representations or omissions involved, set forth, alleged or referred to in the U.S. Action; and (b) the purchase or sale or other acquisition or disposition, or holding of Tahoe common stock in the United States or on the NYSE, during the class period in the U.S. Action.

3.      "Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

4.      "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the

**Proof of Claim Form For United States Settlement Class Only**

enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

5.      "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

6.      "Released Plaintiff Parties" means each and every member of the Settlement Classes, the U.S. Plaintiff, the Canadian Plaintiff, U.S. Plaintiff's Counsel, Canadian Plaintiff's Counsel and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Parties who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Classes.

7.      "Unknown Claims" means any and all Released Canadian Claims that the Canadian Plaintiff or any other members of the Canadian Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released U.S. Claims that the U.S. Plaintiff or any other members of the U.S. Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Classes.  With respect to any and all Released Canadian Claims, Released U.S. Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly, and each other member of the Settlement Classes shall be deemed to have, and by operation of the Judgments or an Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, Canada, or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs, other members of the Settlement Classes, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Canadian Claims, the Released U.S. Claims and the Released Defendants' Claims, but Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each member of the Settlement

**Proof of Claim Form For United States Settlement Class Only**

Classes shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgments or an Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Canadian Claims, Released U.S. Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and other members of the Settlement Classes by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Canadian Claims, Released U.S. Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

8.      These releases shall be of no force or effect unless and until the U.S. Court approves the Stipulation and the settlement becomes effective on the Effective Date.

9.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

10.      I (We) hereby warrant and represent that I (we) have included all the information requested (including supporting documentation) about all of my (our) purchases and sales of Tahoe common stock between April 3, 2013 and November 22, 2017, inclusive, and the number of shares of Tahoe common stock held by me (us) at the beginning of trading on April 3, 2013 and the close of trading on November 22, 2017. I (we) agree to furnish additional information to the U.S. Claims Administrator to support this claim if requested to do so.

11.      I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding, or (b) I (we) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____

(Signature)

10

**Proof of Claim Form For United States Settlement Class Only**

_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial
purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed.
(See explanation in II. Claimant Identification)


Executed this _____ day of _____
        [Day]                       [Month/year]


**THE U.S. CLAIM FORM AND SUPPORTING DOCUMENTATION MUST BE POSTMARKED (OR SUBMITTED IF SENT VIA EMAIL TO info@USTahoeSettlement.com) ON OR BEFORE February 1, 2024] ADDRESSED TO THE U.S. CLAIMS ADMINISTRATOR AS FOLLOWS:**

In re Tahoe Resources Securities Litigation
Epiq Systems, Inc.
PO Box 5866
Portland, OR 97228-5866

A U.S. Claim Form received by the U.S. Claims Administrator shall be deemed to have been submitted when posted, if mailed by **February 1, 2024** and if a postmark is indicated on the envelope and it is mailed and addressed in accordance with the above instructions.  In all other cases, a U.S. Claim Form shall be deemed to have been submitted when actually received by the U.S. Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the U.S. Claim Forms and to administer the settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each U.S. Claim Form.  Please notify the U.S. Claims Administrator of any change of address.


**REMINDER CHECKLIST**

### Proof of Claim Form For United States Settlement Class Only

o   Please be sure to sign this U.S. Claim Form on page 6.  If this U.S. Claim Form is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents.  Do NOT send originals of stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the U.S. Claim Form or any supporting documents.

o   If you move after submitting this U.S. Claim Form, please notify the U.S. Claims Administrator of the change in your address.

# EXHIBIT 3

Martin A. Muckleroy
State Bar #9634
**MUCKLEROY LUNT, LLC**
6077 S. Fort Apache Rd., Ste 140
Las Vegas, NV 89148
Telephone: 702-907-0097
Facsimile: 702-938-4065
Email: martin@muckleroylunt.com

James M. Wilson (*pro hac vice*)
Email: jwilson@faruqilaw.com
Robert Killorin (*pro hac vice*)
Email: rkillorin@faruqilaw.com
Megan M. Remmel (*pro hac vice*)
Email: mremmel@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Lead Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| In re TAHOE RESOURCES, INC. SECURITIES LITIGATION | Case No. 2:17-cv-01868-RFB-NJK |
|---|---|
| | **SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT PENDING IN UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** |
| This Document Relates to:      All Actions | |

**To: All Persons who purchased or otherwise acquired Tahoe Resources Inc.'s ("Tahoe") common stock in the United States or on the NYSE under the ticker symbol TAHO between April 3, 2013 and August 24, 2017, inclusive, and who suffered damages thereby ("U.S. Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Nevada, that Tiffany Huynh, as executor for the estate of Kevin Nguyen, Lead Plaintiff in the U.S. Action ("U.S. Plaintiff"), on behalf of herself and all members of the U.S. Settlement Class and Defendants Tahoe, Ronald W. Clayton, Edie Hofmeister, C. Kevin McArthur, and Mark T. Sadler ("Defendants"), have reached a proposed settlement of the claims in the U.S. Action in the amount of $19,500,000.00 (the "U.S. Settlement").

A hearing will be held before the Honorable Richard F. Boulware, on February 9, 2024, at 8:30 am in Courtroom 7C of the United States District Court for the District of Nevada, at the Lloyd D. George Courthouse, 333 Las Vegas Blvd. South, Las Vegas, NV 89101 (the "U.S. Settlement Hearing") to, among other things, determine whether the U.S. Court should: (i) approve the proposed U.S. Settlement as fair, reasonable, and adequate; (ii) dismiss the U.S. Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated May 25, 2023; (iii) approve the proposed U.S. Plan of Allocation for distribution of the settlement funds available for distribution to U.S. Settlement Class Members (the "U.S. Net Settlement Fund"); and (iv) approve U.S. Plaintiff's Counsel's Fee and Expense Application. The U.S. Court may change the date of the U.S. Settlement Hearing, or hold it telephonically, without providing another notice.  You do NOT need to attend the U.S. Settlement Hearing to receive a distribution from the U.S. Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE U.S. SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE**

**ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a full U.S. Notice and U.S. Claim Form, you may obtain copies of these documents by visiting the website of the U.S. Claims Administrator, www.USTahoeSettlement.com, or by contacting the U.S. Claims Administrator at:

Tahoe Resources United States Securities Litigation
Epiq Systems, Inc.
P.O. Box 5866
Portland, OR 97228-5866
Telephone:1-855-903-0315
Email: info@USTahoeSettlement.com

Inquiries, other than requests for the U.S. Notice/U.S. Claim Form or for information about the status of a claim, may also be made to U.S. Plaintiff's Counsel:

James M. Wilson, Jr.
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com

If you purchased or otherwise acquired Tahoe's common stock on any Canadian exchange (including, without limitation, the Toronto Stock Exchange) or any Canadian alternative trading system under the ticker symbol THO between May 24, 2017 and July 5, 2017, then there is a separate settlement being administered through the Ontario Superior Court of Justice and you should visit www.TahoeCanadianSettlement.ca for more information regarding that separate settlement proceeding.

If you are a U.S. Settlement Class Member, to be eligible to share in the distribution of the U.S. Net Settlement Fund, you must submit a U.S. Claim Form *postmarked or submitted electronically no later than February 1, 2024*.  If you are a U.S. Settlement Class Member and do not timely submit a valid U.S. Claim Form, you will not be eligible to share in the distribution of the U.S. Net Settlement Fund, but you will nevertheless be bound by all judgments or orders

entered by the U.S. Court relating to the Settlement, whether favorable or unfavorable.

If you are a U.S. Settlement Class Member and wish to exclude yourself from the U.S. Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the U.S. Notice such that it is ***received no later than January 18, 2024***. If you properly exclude yourself from the U.S. Settlement Class, you will not be bound by any judgments or orders entered by the U.S. Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the U.S. Net Settlement Fund.

Any objections to the proposed Settlement, U.S. Plaintiff's Counsel's Fee and Expense Application, and/or the proposed U.S. Plan of Allocation must be filed with the U.S. Court, either by mail or in person, and be mailed to counsel for the U.S. parties in accordance with the instructions in the U.S. Notice, such that they are ***received no later than January 18, 2024.***

**PLEASE DO NOT CONTACT THE U.S. COURT, DEFENDANTS, OR DEFENDANTS'
COUNSEL REGARDING THIS NOTICE.**

Dated: _____          BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
                                        DISTRICT OF NEVADA