# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re TAHOE RESOURCES, INC. SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Case No. 2:17-cv-01868-RFB-NJK<br><br>**U.S. FINAL ORDER AND JUDGMENT** |

WHEREAS:

A. On May 25, 2023, Lead Plaintiff Tiffany Huynh, as executor for the estate of Kevin Nguyen, ("U.S. Plaintiff"), individually and on behalf of each member of the U.S. Settlement Class, Abram B. Dyck, Representative Plaintiff in the Canadian Action, individually and on behalf of each member of the Canadian Settlement Class, and Defendants Tahoe Resources, Inc. ("Tahoe" or the "Company"), Ronald W. Clayton, C. Kevin McArthur, Mark T. Sadler, and Edie Hofmeister (collectively "Defendants"), entered into the Stipulation of Settlement;

B. Pursuant to the U.S. Order Preliminarily Approving U.S. Settlement and Providing for Notice, entered November 15, 2023 (the "U.S. Preliminary Approval Order"), the Court scheduled a hearing for February 15, 2024 at 9:15 a.m., to, among other things: (i) determine whether the proposed U.S. Settlement of the U.S. Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on U.S. Plaintiff's Counsel's Fee and Expense Application;

C. The Court ordered that the Notice of Pendency and Proposed Settlement of Class Action Lawsuit Pending in United States District Court for the District of Nevada (the "U.S. Notice") and a U.S. Proof of Claim and Release Form ("U.S. Claim Form"), substantially in the forms attached to the U.S. Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before twenty-one (21) calendar days after the date of entry of the U.S. Preliminary Approval Order ("U.S. Notice Date") to all potential U.S. Settlement Class Members to the list of record holders of Tahoe common stock, and that a Summary Notice of Pendency and Proposed Settlement of Class Action Lawsuit Pending in United States District Court for the District of Nevada (the "U.S. Summary Notice"), substantially in the form attached to the U.S. Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *GlobeNewswire* within fourteen (14) calendar days of the U.S. Notice Date;

D. The U.S. Notice and the U.S. Summary Notice advised potential U.S. Settlement Class Members of the date, time, place, and purpose of the U.S. Settlement Hearing. The U.S. Notice further advised that any objections to the U.S. Settlement were required to be filed with the Court and

1

served on counsel for the U.S. parties such that they were received by January 18, 2024;

  E. The provisions of the U.S. Preliminary Approval Order as to notice were complied with;

  F. On December 14, 2023, U.S. Plaintiff moved for final approval of the U.S. Settlement, as set forth in the U.S. Preliminary Approval Order. The U.S. Settlement Hearing was duly held before this Court on February 15, 2024, at which time all interested Persons were afforded the opportunity to be heard; and

  G. This Court has duly considered U.S. Plaintiff's motion for final approval of the U.S. Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed U.S. Settlement;

  NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

  1. This U.S. Judgment incorporates and makes a part hereof: (i) the Stipulation of Settlement filed with the Court on May 25, 2023; and (ii) the U.S. Notice, which was filed with the Court on May 25, 2023. Capitalized terms not defined in this U.S. Judgment shall have the meaning set forth in the Stipulation.

  2. This Court has jurisdiction over the subject matter of the U.S. Action and over all parties to the U.S. Action, including all U.S. Settlement Class Members.

  3. The Court finds that that the mailing and publication of the U.S. Notice, U.S. Claim Form, and U.S. Summary Notice: (i) complied with the U.S. Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise U.S. Settlement Class Members of the effect of the Settlement, of the proposed U.S. Plan of Allocation, of U.S. Plaintiff's Counsel's anticipated Fee and Expense Application, of U.S. Settlement Class Members' right to object or seek exclusion from the U.S. Settlement Class, and of their right to appear at the U.S. Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed U.S. Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil

1  Procedure, the United States Constitution (including the Due Process Clause), and the Private
2  Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7).

3      4.    One objection was received, ECF No. 264, and was subsequently withdrawn, ECF No.
4  270.

5      5.    Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby
6  approves the U.S. Settlement and finds that in light of the benefits to the U.S. Settlement Class, the
7  complexity and expense of further litigation, and the costs of continued litigation, said U.S. Settlement
8  is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) U.S. Plaintiff
9  and U.S. Plaintiff's Counsel have adequately represented the U.S. Settlement Class; (b) the proposal
10  was negotiated at arm's-length; (c) the relief provided for the U.S. Settlement Class is adequate,
11  having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any
12  proposed method of distributing relief to the U.S. Settlement Class, including the method of
13  processing U.S. Settlement Class Member claims; (iii) the terms of any proposed award of attorneys'
14  fees, including timing of payment; and (iv) any agreement required to be identified under Rule
15  23(e)(3); and (d) the proposed U.S. Plan of Allocation treats U.S. Settlement Class Members equitably
16  relative to each other. Accordingly, the U.S. Settlement is hereby approved in all respects and shall be
17  consummated in accordance with the terms and provisions of the Stipulation.

18      6.    The Consolidated Amended Class Action Complaint ("AC"), filed on August 31, 2018,
19  is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise
20  provided in the Stipulation.

21      7.    The Court finds that during the course of the U.S. Action, the U.S. parties and their
22  respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil
23  Procedure.

24      8.    Upon the Effective Date, U.S. Plaintiff and each and every other U.S. Settlement Class
25  Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators,
26  predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally,
27  and forever waived, released, discharged, and dismissed each and every one of the Released Claims
28  against each and every one of the Released Defendant Parties and shall forever be barred and enjoined

1  from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against
2  any and all of the Released Defendant Parties.

3      9.    Upon the Effective Date, Defendants, on behalf of themselves and each of their
4  respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their
5  capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and
6  dismissed each and every one of the Released Defendants' Claims against each and every one of the
7  Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting,
8  prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the
9  Released Plaintiff Parties.

10     10.    Each U.S. Settlement Class Member, whether or not such U.S. Settlement Class
11 Member executes and delivers a U.S. Claim Form, is bound by this U.S. Judgment, including, without
12 limitation, the release of claims as set forth in the Stipulation.

13     11.    This U.S. Judgment and the Stipulation, whether or not consummated, and any
14 discussion, negotiation, proceeding, or agreement relating to the Stipulation, the U.S. Settlement, and
15 any matter arising in connection with settlement discussions or negotiations, proceedings, or
16 agreements, shall not be offered or received against or to the prejudice of the U.S. parties or their
17 respective counsel, for any purpose other than in an action to enforce the terms hereof, and in
18 particular:

19     a.    Do not constitute, and shall not be offered or received against or to the prejudice
20 of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption,
21 concession, or admission by Defendants with respect to the truth of any allegation by U.S. Plaintiff
22 and the U.S. Settlement Class, or the validity of any claim that has been or could have been asserted in
23 the U.S. Action or in any litigation, including, but not limited to the Released U.S. Claims, or of any
24 liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

25     b.    Do not constitute, and shall not be offered or received against or to the prejudice
26 of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation,
27 or omission with respect to any statement or written document approved or made by Defendants, or
28 against or to the prejudice of U.S. Plaintiff, or any other member of the U.S. Settlement Class as

4

evidence of any infirmity in the claims of U.S. Plaintiff, or the other members of the U.S. Settlement Class;

   c. Do not constitute, and shall not be offered or received against or to the prejudice of Defendants, U.S. Plaintiff, any other member of the U.S. Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, U.S. Plaintiff, other members of the U.S. Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

   d. Do not constitute, and shall not be construed against Defendants, U.S. Plaintiff, or any other member of the U.S. Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

   e. Do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against U.S. Plaintiff, or any other member of the U.S. Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the AC would not have exceeded the U.S. Settlement Amount. Within sixty (60) days of the entry of this U.S. Judgment, U.S. Plaintiff shall return or certify the deletion of all discovery documents produced by Defendants and Defendants shall return or certify the deletion of all discovery documents produced by U.S. Plaintiff.

  12. The administration of the U.S. Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the U.S. Net Settlement Fund, shall remain under the authority of this Court.

  13. In the event that the U.S. Settlement does not become effective in accordance with the terms of the Stipulation, then this U.S. Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Without further order of the Court, the U.S. parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. The U.S. parties are hereby directed to execute the Stipulation and to perform its terms.

16. The Court hereby finds that the proposed U.S. Plan of Allocation is a fair and reasonable method to allocate the U.S. Settlement Fund among U.S. Settlement Class Members, and U.S. Plaintiff's Counsel and the U.S. Claims Administrator are directed to administer the U.S. Plan of Allocation in accordance with its terms and the terms of the Stipulation.

17. U.S. Plaintiff's Counsel is awarded attorneys' fees in the amount of $6,435,000.00, and expenses in the amount of $886,464.29, plus any applicable interest, and these amounts shall be paid out of the U.S. Settlement Fund immediately following entry of this Order subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

18. U.S. Plaintiff is awarded in total $10,000.00, as an award for reasonable costs and expenses directly relating to the representation of the U.S. Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the U.S. Settlement Fund upon the Effective Date of the U.S. Settlement.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any U.S. Settlement Class Member's claim on equitable grounds and any award or distribution of the U.S. Settlement Fund; (iii) disposition of the U.S. Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the U.S. Action; (v) all U.S. parties for the purpose of construing, enforcing and administering the U.S. Settlement and this U.S. Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed. The Clerk of Court is further directed to close this matter accordingly.

IT IS SO ORDERED.

DATED: April 3, 2024

_____
THE HONORABLE RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE